**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS
AND CROSS-MOTION FOR SANCTIONS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Finest Known, LLC ("**Finest Known**"), Gold and Energy Options Trader LLC ("**GEOT LLC**") and James DiGeorgia (collectively, "**Plaintiffs**"), together with non-parties Geoffrey Garbacz and Quantitative Partners, Inc. ("**QPI**") (together with Plaintiffs, the "**Editors**"), by their undersigned counsel, oppose the motion by defendant Weiss Research, Inc. ("**Weiss**") for sanctions against Mr. Garbacz and QPI, and cross-move for sanctions against Weiss and its counsel, Gunster Yoakley & Stewart, P.A. ("**Gunster**").[1]

Weiss seeks sanctions against Mr. Garbacz and his company, QPI, for failing to attend the first day of Court-ordered mediation on January 26, 2016. Weiss's motion for sanctions is frivolous because neither Mr. Garbacz nor QPI have an ownership, legal or financial interest in any of the trademarks at issue in Plaintiffs' two remaining claims under the Lanham Act or Weiss's single remaining counterclaim to cancel these trademarks. All of the marks are owned by Finest Known and GEOT LLC. All of the claims involving Mr. Garbacz and QPI were dismissed on November 18, 2015 when the Court declined to exercise supplemental jurisdiction over the Editors' claims sounding in state law. *See* DE 44. All of Weiss's counterclaims

---

[1] Weiss moved for sanctions on the basis of the Amended Report of Mediator (DE 90), which was subsequently amended again by the mediator. *See* DE 92 (Second Amended Report of Mediator).

involving Mr. Garbacz and QPI were voluntarily dismissed by the parties on November 24, 2015. *See* DE 52. At that time, Mr. Garbacz and QPI ceased to be parties because all of the claims belonging to them as well as the counterclaims against them were dismissed.

Accordingly, neither Mr. Garbacz nor QPI were required to attend the mediation. Weiss's motion to sanction Mr. Garbacz and QPI for not attending the mediation is therefore frivolous. Weiss and its counsel should be sanctioned under the Court's inherent authority and 28 U.S.C. § 1927 because, consistent with their pattern of abusive and frivolous litigation practices, they were aware of these facts but moved for sanctions against Mr. Garbacz and QPI anyway. Weiss and its counsel should be further sanctioned because Weiss's motion was filed after it refused to participate in the second scheduled day of mediation (upon being informed that Mr. Garbacz made arrangements to attend), because Weiss failed to bring its insurance representative to the mediation, short-served its mediation statement, and refused to withdraw its motion after the mediator filed his second amended mediation report.

## BACKGROUND

The Editors create editorial content for financial newsletters published on the Internet, including Superstock Trader, Gold & Energy Options Trader, Options Index Trader and Gold & Energy Investor (together, the "**Publications**"). *See* DE 39 at ¶ 15 *et seq*. The Publications are owned by Finest Known and GEOT LLC, as are the associated trademarks. *See* DE 1 at ¶ 19; Declaration of James DiGeorgia in Opposition to Defendants' Motion for Sanctions and in Support of Plaintiffs' Cross-Motion for Sanctions (DE ___) (the "**DiGeorgia Decl.**") at ¶ 6. *See also* n.2, *infra*. Weiss publishes, distributes, markets and promotes financial newsletters such as the Publications. DE 39 at ¶ 22.

On June 25, 2013, the Editors entered into an agreement (as amended by the modification dated February 1, 2014, the "**June 25 Agreement**") under which Weiss was granted a license to market and promote the Publications so long as Weiss did so using its "commercially reasonable best efforts." *Id.* at ¶¶ 23-24; DE 40-1 (June 25, 2013 Agreement) at § 5; DE 40-3 (Feb. 1, 2014 modification) at Art. 1(e). On February 26, 2015, Finest Known sent Weiss a demand to cure based upon Weiss's failure to market and promote the Publications using its commercially reasonable best efforts. DE 40-7. Finest Known terminated the June 25 Agreement when Weiss failed to cure (or even put forward a plan to cure). DE 39 at ¶¶ 65-66; DE 40-9.

2

Weiss retaliated for the Editors' termination of the June 25 Agreement by stealing the Publications from Finest Known and GEOT LLC. *See* DE 39 at ¶¶ 41, 46, 52, 55, 56, 76. Within days, Weiss slightly changed the names of the Publications (*e.g.*, from Super<u>stock</u> Trader to Super<u>star</u> Trader) and continued to sell them to the same subscribers passing off the Editors' copy, track records and intellectual property as Weiss's own. *Id.* Weiss thus infringed on Finest Known and GEOT LLC's trademark rights.

The Editors filed the Complaint on May 29, 2015. *See* DE 1. Count I of the Complaint is for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Count II of the Complaint is for dilution under the Lanham Act, 15 U.S.C. § 1125(c). The trademarks underlying Counts I and II are owned by Finest Known and GEOT LLC. *See* DiGeorgia Decl. at ¶ 6.[2] Counts III – IX are for violation of the Florida Deceptive and Unfair Trade Practices Act, common law trademark infringement, common law unfair competition, breach of contract and defamation under Florida state law. *See* DE 1. Counts VI, VII and VIII are claims for breach of contract to which Mr. Garbacz and/or QPI are parties. Count IX is a claim for defamation by Mr. DiGeorgia against Brad Hoppmann. *Id.*

Defendants filed their Answer on July 13, 2015. *See* DE 20. Count V of Defendants' counterclaims seeks cancellation of Finest Known and GEOT LLC's trademarks. Counts I – III

---

[2] The record overwhelmingly establishes that the marks are owned by Finest Known and GEOT LLC. *See* DE 1 (Complaint) at ¶ 19 ("Finest Known has owned Superstock Trader and Gold & Energy Investor since they began to publish on the Internet. GEOT LLC has owned Gold & Energy Options Trader and Options Index Trader since the inception of these publications."); DE 20 (Weiss Research, Inc.'s and Brad Hoppmann's Counterclaim) at ¶ 77 (alleging that "Finest Known registered 'SuperStock Investor' as a service mark….Finest Known registered 'Superstock Trader,' 'Gold and Energy Investor,' and 'Gold and Energy Advisor' as service marks….GEOT registered 'Gold and Energy Options Trader' and 'Options Index Trader' as service marks…."); DE 57 (Defendant's Statement of Material Facts as to Which There Does Not Exist a Genuine Issue to be Tried) at ¶¶ 22, 31, 41, 51, 62 (Finest Known and GEOT "registered" the marks at issue); DE 59 (Plaintiffs' Opposition Statement of Material Facts) at ¶¶ 22, 31, 41, 51, 62 (Finest Known or GEOT "applied for registration" of the marks at issue); DE 56 (Weiss's motion for summary judgment) at 1 (noting that "Plaintiffs, Finest Known LLC ('Finest Known'), and Gold and Energy Options Trader, LLC ('GEOT') claim to own federally registered trademarks entitled to protection…the marks at issue are all undisputedly descriptive."); DE 60-6 (U.S. Patent and Trademark Office ("**USPTO**") record showing Finest Known is the "Owner" of the Superstock Investor mark); DE 60-7 (USPTO record showing Finest Known is the "Owner" of the Gold and Energy Advisor mark); DE 60-8 (USPTO record showing GEOT LLC is the "Owner" of the Gold and Energy Options Trader mark); DE 60-9 (USPTO record showing GEOT LLC is the "Owner" of the Options Index Trader mark); DE 60-10 (USPTO record showing Finest Known is the "Owner" of the Gold and Energy Investor mark); DE 60-11 (USPTO record showing Finest Known is the "Owner" of the Superstock Trader mark).

and VI – IX of Defendants' counterclaims are for enforcement of noncompete provisions, breach of contract, defamation, unjust enrichment, misappropriation of trade secrets, and a declaratory judgment that Weiss owns Gold & Energy Investor and Superstock Trader. *Id.* Count VI is a counterclaim by Hoppmann against Mr. DiGeorgia for defamation. *Id.*

On November 18, 2015, the Court *sua sponte* issued an Order declining to exercise supplemental jurisdiction over the Editors' claims brought under state law. *See* DE 44. The parties subsequently stipulated to a voluntary dismissal of Weiss and Hoppmann's counterclaims sounding in state law. *See* DE 52. Following dismissal of both sides' state law claims and counterclaims, the only remaining claims are Counts I and II under the Lanham Act in connection with marks owned by Finest Known and GEOT LLC and the only remaining counterclaim is Count V for cancellation of the same marks.

The Court had previously issued an Order of Referral to Mediation on August 25, 2015 (the "**Order of Referral**"). *See* DE 25. The parties then agreed that the mediation would take place on January 26, 2016 "and, if necessary" on January 27, 2016. *See* DE 28 (Notice of Mediation). The Order of Referral requires mediation statements to be exchanged at least ten days before the mediation date. *See* DE 25, § 6. In accordance with the Order of Referral, plaintiffs sent their mediation statement to the mediator and opposing counsel on January 15, 2015. *See* **Exhibit A**. Weiss did not exchange its mediation statement until January 19, 2015, less than ten days before the mediation date. *See* **Exhibit B**. The first day of Mediation was held as scheduled on January 26, 2016. *See* DE 89. Neither Brad Hoppmann nor a representative of Weiss's insurance carrier was present at the mediation. *See* DiGeorgia Decl. at ¶ 5, DE 92. Mr. Garbacz did not attend the mediation. As noted, neither he nor his company QPI had any ownership, legal or financial interest in any of the trademarks underlying the two remaining claims and one remaining counterclaim. *See* n. 2, *supra.* Nevertheless, he gave Mr. DiGeorgia full settlement authority on his behalf should Weiss wish to discuss settlement of the state law claims even though they were no longer part of this case. DiGeorgia Decl. at ¶ 6; Declaration of Geoffrey Garbacz in Opposition to Defendants' Motion for Sanctions and in Support of Plaintiffs' Cross-Motion for Sanctions (DE ___) (the "**Garbacz Decl.**") at ¶ 2.

Weiss objected to Mr. Garbacz's absence as soon as it learned he would not be at the mediation. In response to Weiss's offer to produce its principal, Martin Weiss, as well as Hoppmann and anyone else whose presence was required to resolve this case and the related

4

state case pending in Palm Beach County, Mr. Garbacz made arrangements to attend the second scheduled day of mediation on January 27, 2016.  DiGeorgia Decl.. at ¶¶ 7-8 and Ex. A thereto; Garbacz Decl. at ¶ 3 and Ex. A thereto.   As soon as Weiss was informed that Mr. Garbacz would be there the next day, all of a sudden nobody from Weiss except Mr. Clarke was available to attend the second scheduled day of mediation and Mr. Clarke and Weiss's counsel left the mediation without saying goodbye.  *Id.* at ¶ 9.

## THE MEDIATOR'S THREE REPORTS

The initial Report of Mediator was filed on January 26, 2016 and notes that the mediation was "attended by Charles J. Hecht, Esq. (counsel for Plaintiffs), Brian M. Becher, Esq. (counsel for Plaintiffs); James DiGeorgia, Michael London, and Michael W. Marcil, Esq. (counsel for Defendants) and Thomas J. Clarke, Jr." *See* DE 89.  It was a simple matter to determine who did and who did not attend the mediation from this report.

Despite that, Mr. Marcil then made an improper *ex parte* request for the Mediator to amend the initial report, *see* **Exhibit C**, and the mediator filed an Amended Report of Mediator noting in a footnote that "Plaintiff, Geoffrey Garbacz, was not in attendance at the Mediation Conference."  *See* DE 90.

Following Plaintiffs' counsel's objections, the Mediator filed a Second Amended Report of Mediator confirming that "counsel for Defendant requested that the Mediator file an Amended report…to indicate the absence of Geoffrey Garbacz."  DE 92 at page 1.  That report further noted that "[u]pon receipt of the Amended Report of Mediator, counsel for Plaintiffs contested the necessity of Mr. Garbacz's attendance at the Mediation Conference because he does not have an ownership interest in the applicable publications or the attendant marks."  *Id.* at page 2 n.1.  That report further notes that "Mr. Hoppmann, too, was not in attendance at the mediation conference." *Id.* at page 2, n.2.

## DEFENDANTS' HISTORY OF BAD FAITH AND ABUSIVE LITIGATION

Weiss's motion for sanctions against Mr. Garbacz and QPI is frivolous because they have no ownership, legal or financial interest in any of the trademarks at issue in the two remaining claims and one remaining counterclaim.  *See* n.2, *supra*.  Weiss's counsel moved for sanctions despite being aware of this fact, failing to bring Hoppmann or a representative from Weiss's insurance carrier to the mediation, exchanging its mediation statement less than ten days before the mediation, knowing that Mr. Garbacz arranged to attend the second scheduled day of

5

mediation, and refusing to participate in the second scheduled day of mediation. Weiss's frivolous motion for sanctions is the latest in a pattern of bad faith and abusive litigation throughout this case that serves no purpose except to multiply the proceedings and run up attorneys' fees.

First, Weiss belatedly moved for a preliminary injunction to enjoin the Editors from publishing their newsletters six months after sending its cease-and-desist order, five months after the Editors filed their complaint and three months after filing its counterclaims. DE 33. Weiss waited for months before moving to prevent purportedly imminent and irreparable harm, despite conceding that its monetary damages are less than $5,000, and did so without having produced any documents whatsoever to the Editors while the editors responded to Weiss's document demands and submitted to three depositions. *See* DE 38 at pages 2, 17.

Second, Weiss moved to compel document production from Plaintiffs notwithstanding that Weiss already had documents responsive to two of the requests at issue and Plaintiffs agreed to produce documents responsive to the other two requests at issue. *See* DE 35, DE 46. Weiss made this needless motion after the Editors already produced over 55,000 documents totaling over 150,000 pages in response to Weiss's 113 document demands, responded to five sets of interrogatories totaling 63 questions and submitted to 21 hours of depositions, while itself having made only a negligible production. *See* DE 46.

Third, Weiss moved for a protective order to preclude Plaintiffs from inquiring into the U.S. Securities and Exchange Commission's Cease-and-Desist Order issued June 22, 2006 enjoining Weiss from using false and misleading track records to obtain subscribers for its financial newsletters (the "**2006 SEC Order**", *see* DE 36-1) despite the fact that the very same misconduct is at issue in this case, bears on whether Weiss properly marketed and promoted the Publications, Weiss's unclean hands precluding relief on its counterclaims and for an injunction, and Defendants' credibility and veracity. *See* DE 36 and DE 49. Further, the 2006 SEC Order is a matter of public record.

Fourth, Weiss ignored Plaintiffs' efforts to discuss the orderly transition of their state law claims dismissed by the Court to a new proceeding in state court. Instead of responding to Plaintiffs' correspondence, Weiss and Hoppmann raced to the Palm Beach County courthouse to file their own complaint in state court asserting the same claims that were still pending in this Court as their counterclaims. *See* DE 48, 48-1. Only after they were first to file did Weiss and

Hoppmann agree to voluntarily dismiss their state law counterclaims from this case. DE 48-2, DE 48-3.

Fifth, Weiss violated the Stipulated Confidentiality Order in effect in this case by quoting the Editors' confidential deposition testimony in its state complaint despite the express prohibition against using confidential information from this case "for any other purpose." *See* DE 58 at Point III *et seq.* In the course of their investigation, Plaintiffs subsequently learned that Weiss quoted the Editors' confidential deposition testimony in publicly filed documents at least three other times. *Id.*

Finally, Gunster contacted the mediator *ex parte* following the mediator's initial report (DE 89) to ask him to "amend the report to make it clear that Geoffrey Garbacz did not attend the mediation", the better to tee up Weiss's frivolous motion for sanctions. *See* Ex. C (correspondence between Michael Marcil, Esq. and the mediator, not copied to Plaintiffs' counsel); Points I and II, *infra*.

Weiss's outrageous pattern of abusive litigation serves no purpose except to needlessly multiply the proceedings, tax the Court's resources and harass the Editors. As a Florida Court of Appeal noted in dealing with far less egregious misconduct,

> There is a difference between ethical and professional. I have always conceived of ethics as the minimum standard, the floor level, of behavior that should be expected of a lawyer. Professionalism is something beyond that. Although the advocacy of counsel … was zealous, zeal cannot give way to unprofessionalism. There is a divide that must be recognized. Being professional means acting with civility, fairness, grace and honor, and in the best interests of our system of justice. It's the kind of thing that makes a kid look up and say, I want to be a lawyer. I hope no kid wants to emulate what we saw in this case.

*State Farm Mut. Automobile Ins. Co. v. Curran*, 83 So. 3d 793, 808 (Fla. 5th DCA 2011) (Monaco, J., concurring) (internal quotation and citation omitted). Accordingly, Weiss's frivolous motion for sanctions against Mr. Garbacz and QPI must be denied and Weiss sanctioned to put a stop to its bad faith litigation once and for all.

## ARGUMENT

### I. WEISS'S MOTION FOR SANCTIONS AGAINST MR. GARBACZ AND QPI SHOULD BE DENIED

Weiss's motion for sanctions against Mr. Garbacz and QPI should be denied because they were not required to attend the mediation and because Weiss refused to continue with the

7

mediation for the second scheduled day after Mr. Garbacz made arrangements to personally attend despite not being required to do so.

### A. Mr. Garbacz and QPI Were Not Required to Attend the Mediation

The Order of Referral requires "all Parties" to participate in the mediation. *See* DE 25. Personal appearance by "each Party or representatives of each Party with full authority" to settle is mandatory. *Id.* Mr. Garbacz and QPI were not required to appear as they have no interest in any of the trademarks underlying the remaining claims and counterclaims, meaning they are no longer real parties in interest to this case.

Following the Court's dismissal of plaintiffs' state law claims and the parties' stipulation to voluntarily dismiss defendants' state law counterclaims, the only remaining issues in this case were two claims under the Lanham Act for trademark infringement and one counterclaim for cancellation of the trademarks. *See* DE 1, 20, 44, 52. The record overwhelmingly and indisputably shows that neither Mr. Garbacz nor QPI has any ownership, legal or financial interest in the marks at issue. *See* n.2, *supra.* Since none of the trademarks at issue are registered in the names of Mr. Garbacz or QPI, they are not real parties in interest to this case. All of the claims and counterclaims in which Mr. Garbacz or QPI had an interest were dismissed from the federal case and are pending in state court. Accordingly, neither Mr. Garbacz nor QPI are "parties" to this case at the time of the mediation.

It is noteworthy that *none* of the mediation reports recommend sanctions against Mr. Garbacz or QPI despite the mediator being allowed to "recommend imposition of sanctions by the Court for non-attendance" under Section 7 of the Order of Referral. *See* DE 25, 89, 90, 92. The mediator is the person best positioned to know whether sanctions against Mr. Garbacz or QPI are merited. Plaintiffs respectfully submit that the mediator's decision *not* to recommend sanctions against Mr. Garbacz is persuasive evidence that such sanctions are not warranted.

Fed. R. Civ. P. Rule 16(f)(2), governing sanctions for failure to attend conferences, allows for an award of attorneys' fees only to the extent they were "incurred because of any noncompliance with this rule." To the extent Mr. Garbacz was required to attend the mediation and Rule 16(f) is applicable, Weiss should not be awarded its attorneys' fees because it refused to participate in the second scheduled day of mediation after Mr. Garbacz made arrangements to attend. *See* Point I(B), *infra*. Further, the mediator's notation that the mediation resulted in an impasse coupled with his declining to recommend the imposition of sanctions against Mr.

8

Garbacz strongly implies that the mediation would have reached the same result had Mr. Garbacz attended the mediation even if he were required to do so. Accordingly, Mr. Garbacz and QPI's absence from the mediation did not prejudice Weiss or impede the litigation in any way. *Cf. LeBlanc v. USG7*, No. 12-cv-1235, 2014 U.S. Dist. LEXIS 124124, at *6 (M.D. Fla. July 29, 2014) (awarding sanctions and attorneys' fees when defendants' failure to attend made the mediation "a waste of plaintiff, plaintiffs' counsel, and the mediator's time.") Nor can Weiss establish that it incurred any expenses "because" of Mr. Garbacz's nonattendance. Indeed, the Notice of Mediation states that mediation may continue to a second day on January 27, 2016 "if necessary." DE 28. Mr. Garbacz was prepared to attend the second scheduled day of mediation, but Weiss refused to proceed as soon as it learned of Mr. Garbacz's travel arrangements. *See* DiGeorgia Decl. at ¶ 9, Garbacz Dec. at ¶ 4. Weiss's refusal to proceed with a second scheduled day of mediation belies that it was prejudiced by Mr. Garbacz's nonattendance on the first scheduled day, and conclusively establishes that Mr. Garbacz's nonattendance was immaterial. Finally, Weiss's reliance on Local Rule 7.3 seeking an award of its attorneys' fees based on Mr. Garbacz and QPI's nonattendance at the mediation is misplaced because Local Rule 7.3 governs the filing of motions "for an award of attorneys' fees…**arising from entry of a final judgment or order**." There has been no such order or judgment in this case.[3]

Moreover, if Mr. Garbacz and QPI were required to attend the mediation despite not having an interest in any of the remaining claims, as Weiss contends, then Brad Hoppmann was likewise required to attend. Mr. DiGeorgia asserted a claim for defamation against Mr. Hoppmann, who in turn asserted a counterclaim for defamation against Mr. DiGeorgia. All of the claims and counterclaims involving Mr. Hoppmann have been dismissed just as all of the claims and counterclaims involving Mr. Garbacz and QPI have been dismissed. Neither Mr. Garbacz nor QPI have any ownership, legal or financial interest in the marks underlying the remaining Lanham Act claims and counterclaim. There is no more reason for them to attend the mediation than there was for Hoppmann.[4] This lays bare the frivolity of Weiss's motion.

Weiss will likely argue that Mr. Garbacz was still a party to this case because papers filed by the Plaintiffs after the state law claims and counterclaims were dismissed continue to include

---

[3] This is why Plaintiffs move for their attorneys' fees incurred in connection with this opposition and cross-motion and not for Hoppmann's failure to attend the mediation.

[4] Indeed, there is greater reason for Hoppmann to attend the mediation than Mr. Garbacz because Hoppmann will be subject to the injunctive relief sought by Plaintiffs in the Complaint.

9

him and QPI among the "Editors" and seek relief on behalf of all the Editors. That argument elevates form over substance. By the same token, Hoppmann was required to attend the mediation because Gunster continued to sign papers following the dismissal of the state law counterclaims (including all of the claims involving Hoppmann) as "Counsel to Defendants / Counterclaim-Plaintiffs" (note the plurals) even though Weiss was the only defendant / counterclaim-plaintiff remaining in the case following dismissal of the state law claim against Hoppmann and his state law counterclaim against Mr. DiGeorgia. *See* DE 70-72, 76, 77, 80-82. Indeed, Gunster even signed Weiss's motion for sanctions in its capacity as "Counsel to Defendants / Counterclaim-Plaintiffs" (plural). *See* DE 91 at page 6. The argument that Mr. Garbacz and QPI were somehow still real parties in interest to this case despite not having any ownership, legal or financial interest in the remaining claims is frivolous and requires denying Weiss's motion, and instead imposing sanctions against Weiss and its counsel for filing its frivolous motion in the first place. *See* Point II, *infra.*

To the extent Mr. Garbacz and QPI are deemed to still be "parties" despite not having any ownership, legal or financial interest in the trademarks underlying the remaining claims and counterclaim, Local Rule 16.2(e) allows a party to be "excused [from attendance at the mediation] in writing by the Presiding Judge". The Court did so in Section 4 of the Order of Referral, which allows a "Party" to appear at the mediation through a "representative[] with full authority" to settle the case. *See* DE 25. Mr. Garbacz and QPI gave such authority to Mr. DiGeorgia, who was present at the mediation. *See* DiGeorgia Decl. at ¶ 6; Garbacz Decl. at ¶ 2. To the extent they were required to attend, QPI was thus excused from attendance, as was Mr. Garbacz, since the Court did not restrict appearances through representatives to "corporate parties" or restrict such representatives to "corporate representatives" in the Order of Referral. Absent any such limitations, an individual party like Mr. Garbacz – to the extent he was required to attend the mediation at all – was allowed to participate in the mediation through a representative.

Accordingly, Weiss's motion for sanctions against Mr. Garbacz and QPI should be denied.

    B.    **Weiss Refused to Participate in the Second Scheduled Day of Mediation Upon Being Informed that Mr. Garbacz Would Personally Attend**

Although Mr. Garbacz did not attend the first scheduled day of mediation because he has no ownership, legal or financial interest in the remaining claims, he nevertheless arranged to attend the second day of mediation in response to Weiss's offer to produce its principal, Martin Weiss, as well as Hoppmann and anyone else whose presence was required to resolve this case and the related state case pending in Palm Beach County.  DiGeorgia Decl. at ¶ 7, Garbacz Decl. at ¶ 3.  In a further exhibition of bad faith all too common throughout this case, after being told that Mr. Garbacz had purchased his plane ticket and would be present at 9:00 the next morning, Weiss refused to participate in the second scheduled day of mediation.  *Id.* at ¶¶ 8-9.  Mr. Garbacz's commitment to appear at the second day of mediation – going so far as to purchase a last-minute airplane ticket on Spirit Airlines from Chicago to Fort Lauderdale – further weighs against granting Weiss's motion for sanctions.  *See, e.g., Garrett v. Townley Foundry & Mach. Co.*, No. 11-77, 2011 U.S. Dist. LEXIS 120417 (M.D. Fla. Oct. 18, 2011) (declining to award sanctions where absent party was en route to mediation and would have arrived prior to its scheduled conclusion, but opposing counsel declined to move forward).

**II.**    **WEISS AND ITS COUNSEL SHOULD BE SANCTIONED FOR BRINGING THEIR FRIVOLOUS MOTION**

Weiss and its counsel should be sanctioned because their motion for sanctions against Mr. Garbacz and QPI is frivolous.  They knew that neither Mr. Garbacz nor QPI had any interest in the trademarks underlying the two remaining claims and one remaining counterclaim, but frivolously and needlessly multiplied the proceedings by moving for sanctions against Mr. Garbacz and QPI anyway.  Weiss and its counsel should be further sanctioned because Weiss violated the Order of Referral by not bringing its insurance representative to the mediation and serving its mediation statement less than ten days before the start of mediation.

    A.    **Standards for Sanctions**

        i.    **The Court's Inherent Authority to Sanction Bad Faith Litigation**

District courts possess the "inherent power to regulate litigation and to sanction litigants and their counsel for abusive practices." *Bernal v. All American Investment Realty, Inc.*, 479 F.Supp.2d 1291, 1301 (S.D. Fla. 2007) (awarding sanctions including attorneys' fees incurred in moving for sanctions and replying to defendants' opposition).  "One aspect of the court's

11

inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both, when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (affirming monetary sanctions against counsel for abusive litigation conduct) (internal quotation and citation omitted).

In this circuit, the "key to unlocking a court's inherent power is a finding of bad faith." *Id.* (internal quotation and citation omitted). A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a claim for the purpose of harassing an opponent even if the claim is meritorious. *Allapattah Servs., Inc. v. Exxon Corp.*, 372 F.Supp.2d 1344, 1373 (S.D. Fla. 2005) (awarding sanctions). As the Supreme Court has noted, "'bad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (attorneys' fees appropriate where party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" under the Court's inherent authority to police itself).

### ii. The Court's Authority to Impose Sanctions Under 28 U.S.C. § 1927

In addition to the Court's inherent authority to sanction bad faith litigation practices, 28 U.S.C. § 1927 authorizes the Court to sanction counsel and litigants for unreasonable and vexatious litigation conduct. The Court "may impose sanctions under Section 1927 against an attorney or litigant where that attorney or litigant has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice…or where a claim [is] without a plausible or factual basis and lacking in justification." *Crenshaw v. City of DeFuniak Springs*, 891 F. Supp. 1548, 1559 (N.D. Fla. 1995). *See also Avirgan v. Hull*, 932 F.2d 1572 (11th Cir. 1991) (Court may assess attorneys' fees against litigants, counsel and law firms who willfully abuse judicial process by conduct tantamount to bad faith.) The Court's authority to issue sanctions under Section 1927 "is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong and Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2006).

In *Amlong,* the Eleventh Circuit explained that sanctions under Section 1927 are measured against objective standards of conduct, meaning that objectively reckless conduct is enough to warrant sanctions even if the attorney did not act malevolently. 500 F.3d at 1240-41. "The term 'unreasonably' necessarily connotes that the district court must compare the attorneys'

conduct against the conduct of a 'reasonable' attorney" to determine whether it was objectively reasonable.  *Id.* at 1240.  "The term 'vexatiously' similarly requires an evaluation of an attorney's objective conduct."  *Id.*, citing Black's Law Dictionary 1596 (8th ed 2004) (defining "vexatious" as "without reasonable or probable cause or excuse; harassing; annoying").  For sanctions to be awarded under Section 1927, it is "enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation." *Id.* (internal quotation and citation omitted).

### B. Weiss's Motion for Sanctions Against Mr. Garbacz and QPI is Objectively Unreasonable

Plaintiffs respectfully submit Weiss's motion against Mr. Garbacz and QPI is frivolous and objectively unreasonable because Weiss and its counsel knew prior to filing its motion that Mr. Garbacz and QPI have no ownership, legal or financial interest in the trademarks underlying Plaintiffs' two remaining claims under the Lanham Act or Weiss's one remaining counterclaim to cancel the same marks.  Numerous documents filed in this case show that the relevant marks are owned by Finest Known and QPI.  *See* n.2, *supra.*  Weiss's motion for sanctions thus lacks a factual basis, meaning that it is frivolous, objectively unreasonable and serves no purpose except to harass the Plaintiffs and needlessly multiply the proceedings.[5]  *See* Point I, *supra.*  Weiss and its counsel should therefore be sanctioned accordingly.

### C. Weiss's Insurance Representative Failed to Attend the Mediation

Section 4 of the Order of Referral requires the mediation to be attended by an insurance adjuster with authority up to policy limits.  DE 25.  *See also* Local Rule 16.2(e) (requiring attendance by claims professionals such as insurance adjustors).  Weiss has insurance coverage relevant to the issues in this case.  *See* DiGeorgia Decl. at ¶ 5.  A representative from Weiss's insurance carrier was not present at the mediation.  *See* DE 89, 90, 92.  Weiss has therefore violated Section 4 of the Order of Referral.

---

[5] Indeed, Weiss refused to withdraw its motion for sanctions after the mediator filed his second amended report noting that Hoppmann also did not attend the mediation.  If, as Weiss contends, Mr. Garbacz is required to attend the mediation, there is no principled reason that Hoppmann was not required to attend the mediation as well since he is no more a party to this case any longer than are Mr. Garbacz or QPI.  As the proverb goes, "people in glass houses should not throw stones."

13

### D. Weiss Short-Served its Mediation Statement

Section 6 the Order of Referral requires the parties "**at least ten (10) days prior to the mediation date** [to] present to the mediator a brief written summary of the case identifying issues to be resolved." DE 25 (emphasis added). Since the mediation was scheduled to start on January 26, 2015, mediation statements were required to be exchanged before January 16th. Plaintiffs' mediation statement was sent to the mediator and opposing counsel by e-mail on January 15, 2016. *See* Ex. A. Weiss's mediation statement was not exchanged until January 19, 2016, when Gunster sent it to the mediator and the undersigned by e-mail. *See* Ex. B. Weiss's late service of its mediation statement violated Section 6 of the Order of Referral because it was exchanged less than 10 days before the mediation. This prejudiced Plaintiffs because Weiss had four days to analyze Plaintiffs' mediation statement and revise its own mediation statement accordingly.

### E. Scope and Amount of Sanctions Against Weiss and Gunster

The purpose of mediation is to engage in a good faith settlement discussion, not to lay the groundwork for yet more frivolous litigation divorced from any substantive issues. The Editors respectfully submit that Weiss and its counsel should be sufficiently sanctioned to punish their prior misconduct and to deter future misconduct by Weiss, its counsel and others. Further, Weiss and its counsel should be held liable for Plaintiffs' attorneys' fees incurred in connection with opposing Weiss's frivolous motion for sanctions and the related cross-motion against Weiss and its counsel for making a frivolous sanctions motion. Plaintiffs represent they will confer with Weiss in good faith in accordance with Local Rule 7.3(b) about the amount of attorneys' fees to be awarded as sanctions.

### REQUEST FOR HEARING

Plaintiffs request a hearing in connection with the foregoing matters.

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court enter an order denying Defendant / Counterclaim-Plaintiff Weiss Research Inc.'s motion for sanctions against Geoffrey Garbacz and Quantitative Partners, Inc., awarding sanctions against Defendant / Counterclaim-Plaintiff Weiss Research, Inc. and its counsel, Gunster Yoakley & Stewart, P.A. for filing and refusing to withdraw its frivolous motion, and granting such other and further relief as the Court deems just and proper.

Dated: February 16, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |

785216

**CERTIFICATE OF GOOD FAITH**

Counsel to the parties conferred prior to Plaintiffs' filing this cross-motion. On January 28, 2016, we wrote to Defendant's counsel to advise them of our view that Defendant's motion for sanctions was frivolous and of Plaintiffs' intention to cross-move for sanctions if Defendant proceeded with its motion. Defendant's counsel wrote back the same day advising of its intention to file its motion. On February 1, 2016, after the Second Amended Report of Mediator (DE 92) was filed to reflect Brad Hoppmann's absence from the mediation, we wrote to Defendant's counsel to again advise them of our position that Defendant's motion for sanctions, filed following an ex parte communication with the mediator, was frivolous and of our intention to cross-move for sanctions if the motion was not withdrawn. Defendant's counsel wrote back on February 2, 2016 to advise us that Defendant's motion remains pending and that Defendant opposes Plaintiff's cross-motion. Accordingly, the parties were unable to reach agreement on the issues raised in Plaintiffs' cross-motion for sanctions.

/s/ Daniel Tepper
Daniel Tepper (admitted *pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653
tepper@whafh.com

*Co-counsel to Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2016, I electronically filed the foregoing Plaintiffs' Opposition to Defendant's Motion for Sanctions and Cross-Motion for Sanctions and Incorporated Memorandum of Law (DE __) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    /s/ Brian M. Becher
                                    Brian M. Becher
                                    Florida Bar No. 160393
                                    SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
                                    7777 Glades Road, Suite 400
                                    Boca Raton, Florida 33434
                                    Tel.: (561) 477-7800
                                    Fax: (561) 477-7722
                                    bmbecher@sbwlawfirm.com

**SERVICE LIST**

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:   (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN &<br>HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |