IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

**DECLARATION OF JAMES DiGEORGIA IN OPPOSITION TO
DEFENDANTS' MOTION FOR SANCTIONS AND IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SANCTIONS**

I, James DiGeorgia, hereby declare as follows:

1. I am over 18 years of age, am competent to testify about the matters set forth herein and, unless otherwise stated, make this Declaration based upon my own personal knowledge.

2. I am one of the plaintiffs and a principal of plaintiffs Finest Known LLC ("**Finest Known**") and Gold and Energy Options Trader LLC ("**GEOT LLC**"). I personally own 94% of each of these companies.

3. I personally attended Court-ordered mediation for this case on January 26, 2016 and was fully prepared to continue with the mediation on January 27, 2016. Below is my understanding of what occurred at the mediation and other facts relevant to the motion for sanctions by defendant, Weiss Research, Inc. ("**Weiss**"), and plaintiffs' resulting cross-motion.

4. I worked for a division of Weiss between 1992 and 1997 before entering in 2013 into two of the agreements underlying this dispute and the related case in state court. To my knowledge, Martin Weiss owned 100% of Weiss at all relevant times and was responsible for making all key decisions involving litigation and settlement. Mr. Weiss was not present at the mediation.

5. It is my understanding that Weiss has had insurance coverage applicable to this case at all relevant times. This is based on my employment and subsequent contractual relationship

with Weiss and statements made to me by Mr. Weiss in connection with unrelated threatened litigation.  When Pfizer threatened suit over a promotional package concerning Viagra for a health magazine published by Weiss, Mr. Weiss told me the company had appropriate insurance.  Similarly, when Weiss was threatened with litigation over editorial content published by the Weiss Silver and Gold Report, Mr. Weiss told me the company had appropriate insurance.  There was no representative from Weiss's insurance company present at the mediation.  Indeed, to my knowledge Weiss still has not produced evidence of insurance coverage in this case.

6. Prior to the mediation, Geoffrey Garbacz had given me full settlement authority to resolve all claims concerning him and his company, Quantitative Partners, Inc., at the mediation.  Mr. Garbacz does not have an ownership interest in Finest Known or GEOT LLC and is not an officer, director or employee of these companies.  The trademarks at issue in this case – Superstock Investor, Gold and Energy Advisor, Gold and Energy Options Trader, Options Index Trader, Gold and Energy Investor and Superstock Trader – were owned by Finest Known or GEOT LLC at all relevant times, and Finest Known and GEOT LLC applied for registration of these marks.  Michael London and I are the majority shareholders, and are the key officers or directors of these companies and both of us were present at the mediation.

7. At the mediation, we were told that if Geoffrey Garbacz was able to fly to Florida for the second scheduled day of mediation, Weiss was willing to discuss the possibility of a global settlement including those in the case pending in state court with the presence of Mr. Weiss and Brad Hoppmann.

8. I immediately contacted Mr. Garbacz to see if could fly to Florida that evening so that he could appear at the second scheduled day of mediation the following morning.  Mr. Garbacz then purchased a plane ticket to Florida on a flight scheduled to arrive that same day.  A copy of Mr. Garbacz's flight confirmation is attached as **Exhibit A**.

9. We immediately advised the mediator, Weiss's representative (Tom Clarke), and Weiss's counsel (Michael Marcil), of Mr. Garbacz's travel arrangements. I was then informed that Mr. Weiss and the other persons required for settlement of this case and the related state case were no longer available to appear for the second scheduled day of mediation. As I was being informed of this by my attorney, Weiss's counsel and representative, Tom Clarke, left the mediation without even saying goodbye.

10. Mr. London and I came to the mediation to try and work out a settlement. During the first day, we elected not to pick a fight about who was or was not in attendance because we did not think this would be productive. We had no intention of using mediation as a pretext for yet another round of abusive and frivolous motion practice.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on February 10, 2016

James DiGeorgia

785300