UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-cv-80773-WJZ

FINEST KNOWN LLC, GOLD AND ENERGY
OPTIONS TRADER, LLC, JAMES DiGEORGIA,
GEOFFREY GARBACZ and QUANTITATIVE
PARTNERS, INC.,

       Plaintiffs/Counterclaim-Defendants,
vs.

WEISS RESEARCH, INC.,

       Defendant/Counterclaim-Plaintiff.
_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS, GEOFFREY GARBACZ AND QUANTITATIVE PARTNERS, INC. FOR THEIR FAILURE TO APPEAR AT COURT-ORDERED MEDIATION AND OPPOSITION TO CROSS-MOTION FOR SANCTIONS**

Defendant, Weiss Research, Inc. ("Weiss" or "WRI"), by and through undersigned counsel, hereby files this Reply Memorandum in Support of Defendant's Motion for Sanctions Against Plaintiffs, Geoffrey Garbacz and Quantitative Partners, Inc. for Failure to Appear at Court-Ordered Mediation (DE 91), and this Opposition to Plaintiffs' Cross-Motion for Sanctions (DE 93).

**MEMORANDUM OF LAW**

The plain language of Counts I and II of the Complaint squarely contradicts Plaintiffs' argument that Geoffrey Garbacz is *not* a Plaintiff in Counts I and II. As a named "FK Plaintiff" in Counts I and II, Mr. Garbacz was a party required to attend mediation, and his failure to be physically present at the mediation provides a compelling basis for the award of sanctions. Moreover, a recent decision from this district directly rejects Plaintiffs' argument that a representative could negotiate at mediation on Mr. Garbacz's behalf.

1

In fact, in filing the Opposition and supporting Declarations, Plaintiffs have made the problem worse. In violation of this Court's Order of Referral to Mediation and Local Rule 16.2(g)(2), Plaintiffs report confidential communications during the mediation proceedings (DE 93, p. 9; DE 94, ¶ 9). This violation provides an additional basis for the award of attorney's fees and mediation costs against Plaintiffs.

As for Plaintiffs' demand for sanctions against Weiss and its lawyers for "abusive and frivolous litigation practices" (DE 93, p. 2), this request should be rejected for what it is: a transparent and misplaced attempt to divert the Court's attention from Mr. Garbacz's failure to attend mediation.

### A. **MR. GARBACZ WAS REQUIRED TO ATTEND MEDIATION**.

Plaintiffs make two primary arguments in its Opposition. First, Plaintiffs argue that Mr. Garbacz is no longer a Plaintiff. Second, Plaintiffs argue that Mr. Garbacz was authorized to send Plaintiff DiGeorgia as his representative at the mediation. Both arguments fail.

Plaintiffs are wrong to claim Mr. Garbacz is no longer a plaintiff in this lawsuit. As stated in the Motion for Sanctions, Mr. Garbacz is one of the "FK Plaintiffs," which the Complaint expressly defines as "Finest Known, GEOT LLC, Mr. DiGeorgia and Mr. Garbacz." (DE 1, ¶ 2). The Complaint alleges that "[t]he FK Plaintiffs developed and provided content, promotion and marketing for four online investment services" (DE 1, ¶ 19; emphasis added), and alleges in Count I that WRI's conduct was "likely to cause confusion, mistake or deception as to the affiliation, connection or association of WRI with the FK Plaintiffs," and "constitutes an attempt to trade on the goodwill that the FK Plaintiffs developed in the Publications, to the FK Plaintiffs' detriment." (DE 1, ¶ 49; emphasis added).

Plaintiffs' contention that Finest Known LLC and GEOT LLC are the only Plaintiffs in Counts I and II because they were the *owners* of the Publications (as opposed to Mr. Garbacz or

2

Mr. DiGeorgia) miscomprehends the Lanham Act and recent Supreme Court precedent. Title 15 U.S.C. § 1125(a), expressly provides a cause of action against "any person" who falsely affiliates himself "with another person." Unlike 15 U.S.C. § 1114, which requires the plaintiff to be a trademark registrant, § 1125(a) neither requires a plaintiff to be a trademark registrant nor requires a plaintiff to be a trademark owner. To fall within the statutory zone of interests, the United States Supreme Court recently held that a § 1125(a) plaintiff need only "allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S. Ct. 1377, 1390 (2014) (Scalia, J.). Therefore, although Mr. Garbacz is not alleged to be a trademark owner or registrant, Mr. Garbacz is a "person" that may allege to be within the "zone of interest" to sue Weiss. In fact, Mr. Garbacz *did sue* Weiss as one of the "FK Plaintiffs" who claimed to have been wrongly affiliated with WRI after the parties' contractual relationship ended in April 2015.

To be sure, Mr. Garbacz's claim that he is no longer a party to this lawsuit is of recent vintage. Prior to the mediation, Mr. Garbacz *never* took the position that the Court's dismissal of the state law claims (DE 44) dismissed Mr. Garbacz as a plaintiff. Indeed, Mr. Garbacz and QPI joined all other Plaintiffs in filing a Motion to Adjourn Mediation (DE 69), as well as a Reply. (DE 73). Mr. Garbacz and QPI also joined the other Plaintiffs in filing *eight other papers* since the Court issued the Final Order of Dismissal as to Counts III-IX on November 18, 2015. (*See* DE 46, 47, 49, 58, 59, 64, 86, and 87).[1] Mr. Garbacz first argued that he was not a party when he skipped mediation.

---

[1] Plaintiffs attempt to equate the reference to Gunster's use of the plural form of the word "defendant" in the signature block is a rather desperate argument  (DE 93, p. 10). Unlike Mr. Garbacz, Mr. Hoppmann neither filed any motion nor sought any relief from this Court after November 18, 2015.

Hedging on the argument that Mr. Garbacz is not a party, Plaintiffs proffer that Plaintiff DiGeorgia was authorized to negotiate on Mr. Garbacz's behalf (DE 93, p. 10),[2] that Mr. Garbacz was willing to attend a "second day" of mediation, and that the Court has excused Mr. Garbacz from mediation.  (DE 93, pp. 8-10).  Naturally, if Mr. Garbacz is not a party, then he would not need to authorize Mr. DiGeorgia to negotiate on his behalf, he would not need to attend a "second day" of mediation, and he would not need to be "excused" from mediation.

Regardless, S.D. Fla. L.R. 16.2 expressly mandates that "all parties . . . shall be <u>physically present</u> at the mediation conference (i.e., <u>in person if the party is a natural person</u> or by personal attendance of a corporate representative if the party is an entity)."  (Emphasis added).  The requirement of physical presence could not be clearer for natural persons, such as Mr. Garbacz.  *Only entities* may appear by representative.  There is no order that "excuses" Mr. Garbacz from attendance, and, in fact, Plaintiffs' Motion to Adjourn Mediation was never granted.

Plaintiffs' attempt to twist the language of the Order of Referral to Mediation to allow Mr. Garbacz to send a representative was recently considered and refuted in this district. Plaintiffs' point to Paragraph 4 of the Order of Referral to Mediation, which provides, "pursuant to Federal Rule of Civil Procedure 16 and the Southern District Local Rule 16.2, it is hereby Ordered and Adjudged as follows. . . [t]hat the personal appearance of counsel and each Party or representatives of each Party with full authority to enter into a full and complete compromise and settlement is mandatory."  (DE 25, ¶ 4).  In *Binion v. O'Neal*, the defendant failed to appear at mediation, but instead, sent a representative with authority to settle.  No. 15-60869-CIV, 2016 WL 614523, at *2 (S.D. Fla. Feb. 16, 2016).  The defendant argued that the language of the mediation order, which was nearly identical to the Order of Referral to Mediation in this case,

---

[2] Furthermore, Plaintiffs have not produced a board resolution by QPI authorizing Mr. DiGeorgia to negotiate and settle on its behalf.  Mr. Garbacz's authorization is insufficient because Mr. Garbacz is not the sole principal of QPI.

4

allowed him to send a person with full authority to settle rather than attending personally.  *Id.* Judge Cohn rejected the argument, explaining that the mediation order, which was made pursuant to Local Rules, did not rewrite the Local Rules to permit the parties to send representatives instead of appearing personally.  *Id.*  The court ordered the defendant's attorneys to pay $13,058.82 for the plaintiff's share of the mediation fees, as well as the plaintiff's fees for attendance and travel to and from the mediation.  *Id.* at *3.  Similarly, this Court's Order of Referral to Mediation was made pursuant to Local Rule 16.2 and did not rewrite the rule to permit parties to send representatives instead of appearing personally.  *See id.* at *2; DE 25.

As for Mr. Garbacz's representation that he would have appeared for a "second day," the Order of Referral to Mediation does not allow a party to delay 24 hours before appearing at the mediation conference.  Mr. Garbacz did not even attempt to book a flight from Chicago to Fort Lauderdale until the day of mediation!  (DE 94, Ex. A, showing "Booking Date" as January 26, 2016).[3]

Plaintiffs also argue that this Court should not impose sanctions because Mr. Garbacz's failure to attend mediation "did not prejudice Weiss or impede the litigation in any way."  DE 93, at 9.  In *Binion*, the defendant attempted the same argument, arguing that sanctions should be reduced because the parties "did in, fact, conduct a meaningful mediation."  2016 WL 614523, at *2, n.1.  Judge Cohen rejected the argument because "[t]he judges of this district have incorporated the personal attendance requirement into the Local Rules because they have determined that mediation is substantially more effective when all individual parties personally attend."  *Id.*

---

[3] *Garrett v. Townley Foundry & Machine Co., Inc.*, 2011 WL 4953017 (M.D. Fla. 2011), cited by Plaintiffs (DE 93, p. 11), is distinguishable because the defendant's corporate representative mistakenly thought the mediation was in Ocala, and was driving to Tampa (only 90 minutes away) to conduct the mediation *on the same day*.  Even so, the defendant in *Garrett* paid for the costs of mediation, something Plaintiffs here refuse to do.

5

To deflect attention from Mr. Garbacz's failure to attend, Plaintiffs erroneously contend that *former* Defendant, Brad Hoppmann also should have attended mediation. Mr. Hoppmann, however, was only sued in Count IX for defamation, and this state law claim was dismissed on November 18, 2015. (DE 44). The only remaining counts of the Complaint are Count I and II, brought under the Lanham Act, *neither of which* alleges liability on behalf of Mr. Hoppmann. (DE 1, ¶¶ 49-55, Prayers for Relief B, C, D and J).[4] The Complaint does not specifically seek permanent injunctive relief *against Mr. Hoppmann*, and instead seeks injunctive relief against "WRI and its principals, agents, servants, officers, employees, successors and assigns and all those in privity and concert with WRI." The scope of this request for injunctive relief is consistent with Fed. R. Civ. P. 65(d)(2), which includes, as persons bound by an injunction, not only "the parties," but also "the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with the parties or their officers, agents, servants, employees and agents. The scope of Rule 65(d)(2) *does not* transform each officer, agent, servant, employee and attorney of a defendant into defendants themselves.

Therefore, Mr. Garbacz cannot credibly argue that he was dismissed as a plaintiff on November 18, 2015. Mr. Garbacz remains an "FK Plaintiff," who is suing Weiss for damages under the Lanham Act, and remains potentially liable to Weiss for attorney's fees under the Lanham Act. Mr. Garbacz's presence at the mediation was mandatory, he was not excused from attending, and Mr. DiGeorgia could not have been his representative.

---

[4] When Plaintiffs intended to sue Mr. Hoppmann in Count IX, Plaintiffs named Mr. Hoppmann *specifically*. (DE 1, ¶ 104 and Prayer for Relief N).

As in *Binion*, sanctions should be imposed for his failure to attend.  Because Plaintiffs fail to contest the amount of attorney's fees, Mr. Garbacz should be ordered to pay $8,312.00 in attorney's fees and mediator costs.[5]

B. **PLAINTIFFS' VIOLATION OF THE COURT'S ORDER, LOCAL RULE AND STATE STATUTE, PRECLUDING DISCLOSURE OF THE CONFIDENTIAL MEDIATION PROCEEDINGS, PROVIDES AN ADDITIONAL BASIS FOR THE AWARD OF SANCTIONS**.

In trying to avoid sanctions for non-appearance, Plaintiffs just make matters worse. Plaintiffs violate the confidentiality provisions of the Court's Order of Referral to Mediation, S.D. Fla. L.R. 16.2(g)(2) and §§ 44.405, Fla. Stat. by spinning their version of what occurred at the mediation, including conversations between the mediation participants (DE 93, pp. 4-5), and attaching testimony from Mr. DiGeorgia recounting mediation communications.  (DE 94, ¶ 9).

This Court's Order of Referral to Mediation expressly provides "that all discussions, representations and statements made at the mediation conference shall be confidential and privileged." (DE 25, ¶ 5).  Likewise, S.D. Fla. L.R. 16.2(g)(2) expressly provides that the "proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest."  Moreover, pursuant to § 44.405, Fla. Stat., which applies by direct reference in S.D. Fla. L.R. 16.2(g)(2), "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel."[6]  The Order of Referral to Mediation provides

---

[5] While Plaintiffs argue "Local Rule 7.3 governs the filing of motions 'for an award of attorney's fees. . . arising from entry of a final judgment or order'" (DE 93, p. 9), Plaintiffs ignore that this Court's Order of Instructions requires that, "[e]very motion for attorney's fees must be accompanied by all the information listed in Local Rule 7.3."  (DE 21 , ¶ 3(d)).

[6] The Florida Statute defines a "mediation communication" as "an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of mediation."  § 44.403, Fla. Stat.  "A court-ordered mediation begins when an order is issued by the court and ends when," *inter alia*, "the mediator declares an impasse by reporting to the court or the parties the

that if the parties "fail to abide by the terms of this Order, the Court may impose an appropriate sanction upon the Parties including but not limited to the dismissal of the above-styled cause without further notice or hearing." (DE 25, ¶ 11). Consistently, § 44.405, Fla. Stat. provides that, "a violation of this section may also subject the mediation participant to sanctions by the court, including, but not limited to, costs, attorney's fees and mediator's fees."

This Court should order Plaintiffs to pay $8,312.00 in attorney's fees and mediator costs for Plaintiffs' blatant violation of the Florida mediation confidentiality privilege. Plaintiffs attempt to report the statements and actions of Weiss and its counsel during mediation are not appropriate, and, at best, chill the free flow of discussion during mediation.[7]

C. **THE CROSS-MOTION FOR SANCTIONS SHOULD BE DENIED**.

Rather than showing contrition for Mr. Garbacz's failure to appear, Plaintiffs seek to divert this Court's attention from his non-appearance by aggressively accusing Weiss and its attorneys of "bad faith litigation" under 28 U.S.C. § 1927. In a court of law, however, the best defense is not a reflexively aggressive offense.

Section 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Eleventh Circuit holds that, "an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's Inc.,* 500 F.3d 1230, 1239 (11th Cir.2007). "A

---

lack of an agreement." The Final Mediation Report was not filed until 3:31 p.m. on January 26, 2016 (DE 89).

[7] Weiss will not violate the confidentiality privilege by reporting what actually occurred during mediation.

8

determination of bad faith is proper where an attorney knowingly or recklessly pursues a frivolous claim." *Conner v. BCC Financial Management Services*, 597 F. Supp. 2d 1299, 1305 (S.D. Fla. 2008).

This cross-motion is easily disposed of because, as decided in *Binion*, the Order of Referral to Mediation and S.D. Fla. L.R. 16.1(e) required Mr. Garbacz to appear, Mr. Garbacz remains a plaintiff pursuant to the Lanham Act and the plain language of the Complaint, Mr. Garbacz did not appear at the mediation, and the Order of Referral to Mediation, Local Rule 16.2, and § 44.405, Fla. Stat. authorize sanctions for non-attendance, including the imposition of attorney's fees and mediator costs. Weiss's motion is meritorious, and not a "knowing pursuit of a frivolous claim," subjecting Weiss and its attorneys to sanctions under § 1927.[8]

Although there is frivolity present, it is in the form of Plaintiffs' specious arguments in favor of § 1927 sanctions. Plaintiff argues that a Weiss insurance adjuster needed to be present and that the Weiss mediation statement was served *one day* late. Not only are Plaintiffs' arguments wrong, but Plaintiffs arguments fall woefully short of establishing "knowing pursuit of a frivolous claim."

Contrary to Plaintiff DiGeorgia's erroneous *sworn* supposition that Weiss has applicable insurance coverage for the Lanham Act claims based upon some threatened lawsuit by Pfizer against Weiss *in the late 1990s* relating to Viagra promotional packaging (DE 94, ¶ 5), there is *no* insurance coverage for trademark claims brought in 2015. (Ex. 1, Declaration of Thomas J. Clarke, ¶ 3).[9] And, the mediation statement was served properly on Tuesday, January 19, 2016, because the due date of Monday, January 18 was a legal holiday (Martin Luther King Day), meaning "the period continue[d] to run until the end of the next day that is not a Saturday,

---

[8] Not even the defendant in *Binion* had the temerity to move for sanctions against Plaintiff's counsel after the defendant failed to appear at mediation.
[9] This is yet another argument of recent vintage. (See DE 92).

9

Sunday or legal holiday," which was Tuesday, January 19, 2016. Fed. R. Civ. P. 6.[10] Likewise, Plaintiffs' attempt in the Background Section of their Opposition (DE 93, pp. 6-7) to regurgitate arguments in response to previously filed and well-founded motions is entirely misplaced. Weiss's pending motions are meritorious (see DE 33, 35, 36, 42, 54, 55 and 80),[11] but, regardless, Plaintiffs are at a loss to establish these motions all constitute knowing pursuit of a frivolous claim pursuant to § 1927.[12]

By engaging in a shotgun approach to argue for sanctions, Plaintiffs transparently seek to divert this Court's attention from the rifle shot in the Motion for Sanctions that they cannot avoid: Mr. Garbacz did not appear at mediation. And, now, Plaintiffs have violated the strict confidentiality requirements of mediation.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's Motion for Sanctions, award attorney's fees and mediation costs in the amount of $8,312.00, and deny Plaintiffs' Cross-Motion for Sanctions.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on February 18, 2016 on all counsel or parties of record on the Service List on the next page.

---

[10] Ironically, Plaintiffs took advantage of the same rule they now ignore. The Opposition to the Motion for Sanctions would have been due on February 15, 2016, but, because that date was a legal holiday (President's Day), the Opposition was not due until February 16, 2016.

[11] Although argued in the Background Section only, Plaintiffs' argument that Weiss's counsel made an "improper" *ex parte* contact with the mediator is in error. There is absolutely no prohibition in the Florida Statute, Local Rules or Court Order that prohibits *ex parte* contact with the mediator. A mediator is not a judge. He does not adjudicate a case. To be sure, the majority of mediations involve *ex parte* contact between the parties and the mediators during breakout sessions.

[12] Even if Plaintiffs were somehow entitled to attorney's fees, the request has been waived because Plaintiffs have not complied with the Court's Order of Instructions, which requires that, "[e]very motion for attorney's fees must be accompanied by all the information listed in Local Rule 7.3." (DE 21 , ¶ 3(d)).

10

/s/ Michael W. Marcil
**G. JOSEPH CURLEY**
Florida Bar. No. 0571873
E-mail: gcurley@gunster.com
MICHAEL W. MARCIL
Florida Bar No.: 0091723
E-mail:  mmarcil@gunster.com
JOHN W. TERWILLEGER
Florida Bar No: 107095
E-Mail:  jterwilleger@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL  33401-6194
Telephone:     561-655-1980
Facsimile:     561-655-5677
*Counsel for Defendant*

## SERVICE LIST

*Finest Known LLC et al. v. Weiss Research, Inc. and Brad Hoppmann*
Case No. 9:15-cv-80773-WJZ

Brian M. Becher, Esq.
Florida Bar No.: 160393
E-Mail: bmbecher@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Hermann, P.A.
777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:  (561) 477-7800
Facsimile:   (561) 477-7722
Co-Counsel for Plaintiffs

Charles J. Hecht, Esq. (Admitted *Pro Hac Vice*)
E-Mail:  hecht@whafh.com
Daniel Tepper, Esq. (Admitted *Pro Hac Vice*)
E-Mail:  tepper@whafh.com
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, N.Y.  10016
Telephone:  (212) 545-4600
Facsimile:   (212) 545-4653
Co-Counsel for Plaintiffs