IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF CROSS-MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Finest Known, LLC ("**Finest Known**"), Gold and Energy Options Trader, LLC ("**GEOT LLC**") and James DiGeorgia (collectively, "**Plaintiffs**"), by their undersigned counsel, reply as follows in further support of their cross-motion for sanctions against Weiss and its counsel for filing a frivolous motion for sanctions against non-parties Geoffrey Garbacz and Quantitative Partners, Inc. ("**QPI**") for not attending a mediation which they were not required to attend in the first place.[1]

Weiss' opposition to Plaintiffs' cross-motion for sanctions is notable for what it does not do: deny that Weiss and its counsel refused to participate in the second scheduled day of mediation after being informed that Mr. Garbacz had made arrangements to personally attend even though he was not required to do so. As noted in the papers in support of Plaintiffs' cross-motion, Mr. Garbacz agreed to attend the second scheduled day of mediation after Weiss indicated it was willing to discuss the possibility of a global settlement of all claims in this case and the state case with the attendance of Martin Weiss (Weiss' principal) and whoever else was

---

[1] Capitalized terms used but not defined in this brief shall have the same meanings as in Plaintiffs' cross-motion for sanctions (DE 93) (the "**Cross-Mot.**"). Reference is made to Weiss' reply in further support of its motion for sanctions and in opposition to Plaintiffs' cross-motion for sanctions (DE 96) (the "**Opp.**").

required to be in attendance.[2]  *See* DE 94 at ¶ 7; DE 95 at ¶ 3.  Weiss couches its failure to deny this fact in the sanctity of mediation communications, asserting that it "will not violate the confidentiality privilege by reporting what actually occurred during mediation," Opp. at 8, n.7.  To the extent that Weiss' refusal to participate in the second scheduled day of mediation after being informed of Mr. Garbacz's travel arrangements is a "mediation communication" protected under Fla. Stat. § 44.405, Weiss ignores the safe harbor provided under Fla. Stat. § 44.405(6), which permits a party to "respond to [a] disclosure or representation" made by the other party about the mediation.[3]  Weiss' failure to deny its refusal to participate in the second day of mediation despite being allowed to do so under Fla. Stat. § 44.405(6) confirms the truth of Plaintiffs' representations.  Indeed, Weiss' denial that it walked out of the mediation after being informed that Mr. Garbacz arranged to attend the second day at which Weiss would bring Mr. Weiss and Brad Hoppmann to mediate a global settlement of both this case and the state case, would constitute a misrepresentation to the Court.  Weiss' failure to apprise the Court of these facts was brought to the Court's attention so that the Court would not be misled by Weiss' omissions.

Weiss' frivolous motion for sanctions against Mr. Garbacz and QPI and Weiss' short-service of its mediation statement are consistent with its pattern of litigation abuse.  Weiss and its counsel must be sanctioned to put a stop to their intolerable behavior.

## ARGUMENT

### I. Mr. Garbacz and QPI Were not Required to Attend the Mediation

Weiss offers two cases to support its contention that Mr. Garbacz was required to personally attend the mediation.  Both of the cases cited by Weiss are inapplicable.

#### A. The *Lexmark* Case

Weiss cites to *Lexmark International v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014),  to support its contention that Mr. Garbacz is still a party to this case because he falls

---

[2] The Court issued an Order on November 18, 2015 declining to exercise supplemental jurisdiction over the Editors' state law claims and dismissing those claims on that basis.  *See* DE 44.  Weiss subsequently re-filed its state law counterclaims from this case in a new complaint in Palm Beach County, after which Weiss stipulated to the dismissal of its state law counterclaims from this case.  *See* DE 48, DE 52.

[3] The disclosure of Weiss' refusal to participate in the second day of mediation is not a privileged mediation communication within the meaning of the statute.  *See* Point II, *infra*.

within the "zone of interests" protected under Section 43 of the Lanham Act, 15 U.S.C. 1125(a). But *Lexmark* is distinguishable for at least four reasons.

First, the Court noted that the Lanham Act creates two separate and distinct bases for liability: false advertising under 15 U.S.C. 1125(a)(1)(B) and false association under 15 U.S.C. 1125(a)(1)(A). The holding in *Lexmark* is expressly limited to claims for false advertising under 15 U.S.C. 1125(a)(1)(B). *See* 134 S. Ct. at 1385, 1395 ("We granted certiorari to decide the appropriate analytical framework for determining a party's standing to maintain an action for false advertising under the Lanham Act....") (internal quotation and citation omitted). Plaintiffs' claims under Section 43(a) of the Lanham Act are for false association, not for false advertising. This is established by Plaintiffs' Lanham Act allegations in ¶ 49 of the Complaint (DE 1) that Weiss' actions are likely "to cause confusion, mistake or deception as to the affiliation, connection or association" of Weiss with the Plaintiffs. This tracks the language of the false association statute, 15 U.S.C. 1125(a)(1)(A). *Lexmark* is thus inapplicable since Plaintiffs never asserted a claim for false advertising under the Lanham Act.

Second, the Court's "zone of interest" analysis in *Lexmark* is expressly limited to claims for false advertising. The Court held "that to come within the zone of interests in a suit for *false advertising* under Section 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." 134 S. Ct. at 1390 (emphasis added). *Lexmark* is silent about who comes within the zone of interests for a false association claim.

Third, even if *Lexmark* were to apply to false association claims, even though its holding is expressly limited to false advertising claims, the Court noted that standing to pursue Lanham Act claims is contingent on lost sales or damage to business reputation. *Id.* at 1391. Plaintiffs' trademark claim under 15 U.S.C. 1125(a) seeks injunctive relief and damage for "Plaintiffs' goodwill", which is not the same as lost sales or damage to business reputation. In any event, the goodwill referred to is the goodwill in the Publications, which are not owned by Mr. Garbacz. Complaint (DE 1) at ¶ 19.

Fourth, if *Lexmark* were to be applicable, the Court held that standing to pursue a claim under Section 1125(a) requires proximate causation, which "occurs when deception of consumers causes them to withhold trade from the plaintiff." 134 S. Ct. 1391. The Complaint does not allege that Weiss' trademark infringement caused consumers to withhold trade from Mr. Garbacz, but rather that consumers became confused between Weiss and the Publications, in

3

which Mr. Garbacz does not have a legal, financial or ownership interest. Complaint (DE 1) at ¶ 19, 49. Accordingly, *Lexmark* does not support Weiss' contention that Mr. Garbacz was required to personally attend the mediation.

### B.     The *Binion* Case

Weiss also cites to *Binion v. O'Neal*, No. 15-60869, 2016 U.S. Dist. LEXIS 18387 (S.D. Fla. Feb. 16, 2016) to support its contention that Mr. Garbacz was not excused from personally attending the mediation.  The defendant in *Binion* was required to personally attend the mediation because of the text of the mediation order, and the fact that the mediation order was issued by a Magistrate Judge.  2016 U.S. Dist. LEXIS 18387, at *5-6.  Neither of these reasons are applicable to this case.

First, the text of the mediation order in *Binion* differs from the text of the Order of Referral (DE 25).  Weiss deceptively argues that the Order in *Binion* is "nearly identical" to the Order of Referral, *see* Opp. at 4, but the differences are critical.  The Order of Referral states that it is:

> ORDERED AND ADJUDGED…That the personal appearance of counsel and each Party or representatives of each party…is mandatory.

*See* DE 25 at ¶ 4.  In contrast, mediation order in *Binion* states that it is:

> ORDERED AND ADJUDGED…**Pursuant to Local Rule 16.2.E**, the appearance of counsel and each party or a representative of each party…is mandatory.

*See* **Exhibit A** (mediation order in *Binion)* at ¶ 4 (emphasis modified to indicate difference with Order of Referral).  The inclusion of  the words "Pursuant to Local Rule 16.2.E" in the decretal language of the *Binion* order was the reason the court held the *Binion* order did not supersede Local Rule 16.2(e), which restricts appearances through representatives at mediations to parties that are entities.  The Court noted that "for something to be done 'pursuant to' a rule, it must be done 'in carrying out' or 'in conformity with' that rule."  2016 US Dist. LEXIS 18387 at *5. Thus, the mediation order in *Binion* did not supersede Local Rule 16.2(e) because the direction to personally appear was ordered pursuant to that rule.  In contrast, the Order of Referral in this case supersedes Local Rule 16.2(e) because the direction to appear personally was not made "pursuant" to Local Rule 16.2(e) and the Order of Referral did not limit appearances by representatives to parties that are entities.

4

Second, the mediation order in *Binion* was issued by a Magistrate Judge while the Order of Referral was issued by the District Court Judge, Judge Zloch.  This is a critical distinction because the "personal attendance requirements [under Local Rule 16.2(e)] apply unless a party is excused in writing 'by the presiding Judge.'" *Id.* at *6, quoting Local Rule 16.2(e).  The Court found that the defendant in *Binion* was not excused from personal attendance by the mediation order because the order was not issued by the presiding judge.  *Id.*  Because the Order of Referral was issued by Judge Zloch, Plaintiffs respectfully submit their counsel reasonably interpreted the plain language of ¶ 4 of the Order of Referral, which does not limit appearances by representatives to parties that are entities, to allow Mr. Garbacz to appear through a representative to the extent he was required to appear at the mediation at all.[4]

## II.     Plaintiffs Did Not Violate the Mediation Rules

Weiss creates a strawman by accusing Plaintiffs of improperly disclosing confidential mediation communications.  Plaintiffs did not violate any mediation rules by informing the Court that Weiss walked out of the mediation after being told that Mr. Garbacz would attend the second scheduled day.

"The purpose of the ban on disclosure of mediation communications is to preclude admission of settlement offers between the parties who are opposing parties at the trial in which the evidence of the settlement is sought to be introduced." *Carles Constr.*, *Inc. v. Travelers Cas. & Sur. Co. of Am.*, 56 F. Supp.3d 1259, 1272 (S.D. Fla. 2014), citing *D.R. Lakes, Inc. v. Brandsmart U.S.A.*, 819 So.2d 971, 974 (Fla. 4th DCA 2002) (noting that "[t]he reason for confidentiality as to statements made during mediation where a settlement agreement is not reached is obvious.  Mediation could not take place if litigants had to worry about admissions against interest being offered into evidence at trial, if a settlement was not reached").

In *Carles*, the Court denied defendant's motion to strike an affidavit offered by the plaintiffs which contained communications taking place during the mediation and which was offered in response to statements by defendants' counsel.  56 F.Supp.3d at 1272-74.  In denying defendants' motion, the Court noted that striking the affidavit would be "inconsistent with the

---

[4] Mr. Garbacz's nonattendance at the first day mediation was based on the advice of counsel.  When Weiss advised it would produce Mr. Weiss and whoever else was required to resolve both this case and the state case if Mr. Garbacz would attend the second scheduled day of mediation, Mr. Garbacz immediately made the necessary arrangements to travel from Chicago (the most convenient major airport to his home in Wisconsin) so he could appear at the mediation the following day.  *See* DE 94 at ¶ 7; DE 95 at ¶ 3.

purposes of the prohibition on disclosure of mediation statements [because n]one of the statements being disclosed reveals confidential communications as to opposing parties at the mediation." (emphasis omitted). That is precisely the case here.

Informing the Court that Weiss and its counsel walked out and refused to participate in the second day of mediation once they were advised of Mr. Garbacz's travel arrangements is not a statement against interest, a settlement offer or anything having to do with the merits of claims or defenses in this case or the related state case. The actions of Weiss and its counsel go to their misconduct during the mediation and to Mr. Garbacz's and QPI's defenses against Weiss' motion to sanction them. For the reasons explained in *Carles* and *D.R. Lakes*, Plaintiffs are within their rights to inform the Court of Weiss and its counsel's misconduct at the mediation under Fla. Stat. § 44.405 and Local Rule 16.2(g)(2). Indeed, Plaintiffs' counsel has an affirmative obligation to inform the Court of the actions of Weiss and its counsel. As officers of the Court, counsel owes the Court the duty of complete candor. *See, e.g., Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993) (affirming sanctions against attorneys for grave and repeated abuses of discovery). Weiss' counsel therefore had a duty to inform the Court that Mr. Garbacz arranged to personally appear on the second day of mediation at Weiss' request so that both the federal and state cases could be potentially resolved. Plaintiffs' counsel would breach their duty of candor to the Court by allowing the Court to be misled by Weiss' counsel's material omissions.

Finally, as in *Carles*, Plaintiffs informed the Court that Weiss and its counsel walked out of mediation upon being told that Mr. Garbacz would attend the second day in response to statements by opposing counsel. Weiss "opened the door" by moving to sanction Mr. Garbacz, and Plaintiffs are entitled to explain why Weiss' motion is frivolous by apprising the Court of necessary facts left out by Weiss.

### III.    Weiss Short-Served its Mediation Statement

Weiss' argument that it did not short-serve its mediation statement is based on a fundamental misinterpretation of Rule 6, which governs computation and extensions of time.

Weiss contends its mediation statement was timely served on January 19, 2016. Weiss contends the original due date was January 18, 2016. Because that was a legal holiday (Martin Luther King Day), Weiss contends the time to serve its mediation statement was extended until the next business day. Opp. at 9-10. Not one of Weiss' contentions is correct.

6

Section 6 of the Order of Referral requires mediation statements to be served "at least ten (10) days prior to the mediation date[.]" DE 25. The first day of mediation was scheduled for January 26th, which means the deadline to serve mediation statements was ten days earlier – Saturday, January 16th, not Monday January 18th as contended by Weiss.

Weiss's contention that its deadline was extended under Fed. R. Civ. P. 6 until Tuesday, January 19th, which is the "next day that is not a Saturday, Sunday or legal holiday", overlooks that Fed. R. Civ. P. 6(a)(5) measures the "next day" *going backward* when a deadline is measured before an event. Since the Order of Referral directs mediation statements to be served "at least ten (10) days prior to the mediation", the "next day" for purposes of determining the deadline if the original deadline falls on a Saturday, Sunday or legal holiday is the first *preceding* business day.

Accordingly, the deadline to serve mediation statements was January 15th, the first business day going backwards from the original due date of January 16th. Plaintiffs' mediation statement was timely served. DE 93-1. Weiss' mediation statement was served late on January 19th, DE 93-2, giving Weiss four days in which to analyze Plaintiffs' mediation statement and revise its own positions accordingly.[5] Weiss and its counsel should therefore be sanctioned for the reasons set forth in the Cross-Mot. at Point II(D).

**IV.    Weiss and Gunster Continue Their Pattern of Litigation Abuse**

Weiss and Gunster's pattern of litigation abuse has continued since Plaintiffs filed their cross-motion. *See* Cross-Mot. at 5-7.

Weiss served its Second Request for Production of Documents on February 23, 2016, attached as **Exhibit B**. It seeks, among other things, the e-mail from Spirit Airlines confirming Mr. Garbacz's travel arrangements (a redacted copy of Mr. Garbacz's itinerary was previously filed, *see* DE 95-1). These documents have nothing to do with any claims or defenses in this proceeding and serve only to harass the Editors and their counsel.[6] Weiss' implication by demanding these documents is that Plaintiffs and Mr. Garbacz are misleading the Court and that the undersigned counsel have breached their duties as officers of the Court. This outrageous and

---

[5] Weiss cannot plausibly argue it should not be sanctioned for violating the Order of Referral while Mr. Garbacz and QPI should be sanctioned for their actions based on a good faith interpretation of the same order.

[6] There are two remaining claims and one counterclaim, all under the Lanham Act. Plaintiffs will respond to Weiss' document demand in due course.

highly offensive suggestion reaches a new low of unprofessionalism all too common throughout this case. *See* DE 96 at 5-7.[7]

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court enter an order awarding sanctions against Defendant / Counterclaim-Plaintiff Weiss Research, Inc. and its counsel, Gunster Yoakley & Stewart, P.A. for filing and refusing to withdraw its frivolous motion, and granting such other and further relief as the Court deems just and proper.

Dated: February 29, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |
| | 785569 |

---

[7] Yet another instance of Weiss' practice in this case is evidenced by Weiss' recent service of a subpoena on Charles River Associates seeking their retainer with Plaintiffs, communications and the like even though Charles River Associates has not been designated as Plaintiffs' testifying expert and the time for Plaintiffs to turn over their expert report is over three months away. *See* **Exhibit C**. Plaintiffs will respond to this subpoena separately in due course.

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 29, 2016, I electronically filed the foregoing Plaintiffs' Reply in Further Support of Cross-Motion for Sanctions and Incorporated Memorandum of Law (DE __) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Brian M. Becher
      Brian M. Becher
      Florida Bar No. 160393
      SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
      7777 Glades Road, Suite 400
      Boca Raton, Florida 33434
      Tel.: (561) 477-7800
      Fax: (561) 477-7722
      bmbecher@sbwlawfirm.com

## SERVICE LIST

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:    (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN &<br>HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |