# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WEISS RESEARCH, INC. and BRAD HOPPMANN,<br><br>Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

## PLAINTIFFS' MOTION TO QUASH SUBPOENA TO NON-PARTY EXPERT AND FOR A PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs Finest Known, LLC, Gold and Energy Options Trader LLC and James DiGeorgia (collectively, "**Plaintiffs**"), by their undersigned counsel, move pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure for entry of an Order quashing a subpoena issued by defendant, Weiss Research, Inc. ("**Weiss**"), to Plaintiffs' consulting expert, Charles River Associates ("**Charles River**").[1] Plaintiffs also seek a protective order barring Weiss from making further demands for documents and information from plaintiffs' consulting expert.[2]

Weiss's subpoena to Charles River seeks Plaintiffs' protected, confidential work product and is invalid under Rule 45. The subpoena also violates Rules 26(b)(3)(A), prohibiting discovery of materials prepared for trial by a party's consultant, and 26(b)(4)(D), prohibiting discovery of "facts known or opinions held by an expert who has been retained or specially employed by another party…to prepare for trial and who is not expected to be called as a witness at trial."

---

[1] Plaintiffs have standing to assert their "personal right or privilege" relating to the information held by Charles River by this motion to quash. *See* 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & P. § 2459 (3d ed. 2008).

[2] A Rule 26(c) protective order can serve as an alternative to an order quashing the subpoena. *Id.*, § 2459, n.3; *see also Bankr. Estate of Lee v. Burlington Northern Santa Fe R.R.*, No. 07-5829, 2010 U.S. Dist. LEXIS 21465 (N.D. Ill. Mar. 5, 2010) (granting motion for protective order and precluding requests for documents from non-testifying consulting expert or calling him as trial witness).

Weiss's subpoena is improper because Plaintiffs have not yet designated any testifying experts and the deadline to do so is over three months away. Accordingly, Weiss's subpoena must be quashed or a protective order issued to prevent Weiss from making future discovery demands from Plaintiffs' consulting experts.

## BACKGROUND

Weiss's subpoena is improper under the Rules and does not depend on the facts underlying this dispute, which are set forth in detail in Plaintiffs' Cross-Motion for Sanctions (DE 93) and incorporated by reference. The facts relevant to this motion are as follows.

After the Court dismissed Plaintiffs' claims under state law (DE 44) and the parties stipulated to the dismissal of Weiss's counterclaims under state law (DE 52), the only remaining issues in this case were two claims for trademark infringement and one counterclaim for trademark cancellation, all under the Lanham Act.

In response to Weiss's motion for summary judgment (DE 56), Plaintiffs cross-moved for relief under Rule 56(d) because Weiss has not produced discovery needed by Plaintiffs to conduct their trademark surveys.[3] *See* 58, 61, and 74. Plaintiffs' papers in support of their motion for relief under Rule 56(d) noted that the discovery withheld by Weiss was required by their expert at "the respected firm of Charles River Associates…to conduct the trademark surveys with which [Plaintiffs] intend to prove their Lanham Act claims." DE 56 at 6. *See also* DE 74 at 4 (same, and further noting that the deadline to complete the trademark surveys is well in the future).

Resting upon this slim reed, Weiss issued a subpoena to Charles River on February 24, 2016. A copy of Weiss's subpoena is attached as **Exhibit A**. Charles River has objected to Weiss's subpoena; its objections are attached as **Exhibit B**.

---

[3] As both sides noted in their papers on Plaintiffs' cross-motion for relief under Rule 56(d), consumer trademark "survey evidence is the most direct and persuasive evidence" to establish an entitlement to trademark protection. *Vital Pharmaceuticals, Inc. v. American Body Bldg. Prods.*, 511 F.Supp.2d 1303, 1311 (S.D. Fla. 2007) (internal citation omitted). The discovery withheld by Weiss consists, among other things, of data Weiss used to identify prospective customers for Plaintiff's publications at issue in this case and communications between Weiss and the actual and potential subscribers to the publications. *See* DE 58 and 61 at 7. Even if Plaintiffs were to have designated Charles River as their testifying expert (which they have not, see *infra*), it is disingenuous for Weiss to subpoena Charles River while simultaneously withholding the documents Charles River needs to conduct Plaintiffs' trademark survey. *See id.*

2

## PLAINTIFFS HAVE NOT DESIGNATED
## CHARLES RIVER AS THEIR TESTIFYING EXPERT

Plaintiffs' reference to Charles River in their papers in support of relief under Rule 56(d) does not constitute designation of Charles River as their testifying expert under any good faith interpretation. Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present" expert testimony. Under Rule 26(a)(2)(B):

> this disclosure **must be accompanied by a written report [] prepared and signed by the witness….The report must contain**:
>
> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)  the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

(emphasis added). Accordingly, a bare reference to Plaintiffs' retention of an expert does not and as a matter of law cannot constitute designation of a testifying witness.[4] Indeed, Weiss would no doubt object vociferously if Plaintiffs were to designate a testifying expert without also giving Weiss that expert's report.

Plaintiffs' time to designate their testifying expert and exchange his report was set by the Court's Order for Pre-Trial Conference (DE 24) for seventy days prior to the pre-trial conference scheduled for August 26, 2016, which is June 17, 2016. Plaintiffs will designate their testifying expert within the time allowed by the Court. Unless and until Charles River is designated as Plaintiffs' testifying expert accompanied by a report containing the information set forth in Rule 26(a)(2)(B)(i-vi), Charles River is merely a consulting expert whose opinions are protected from

---

[4] Nor was Plaintiffs' reference to Charles River intended to constitute such disclosure, as Charles River has not completed its trademark surveys on account of Weiss's refusal to turn over the information necessary to do so. *See* DE 58, 61, 74. Plaintiffs cannot designate a testifying expert until the expert has determined his opinions.

3

disclosure under Rule 26(b)(3)(A) and (B) (precluding trial preparation material from disclosure).

# ARGUMENT

Weiss's subpoena to Charles River is manifestly improper since it seeks to obtain work product documents that Plaintiffs exchanged with or had prepared by a retained expert who has not been designated as a testifying witness. This violates the Rules in a number of respects and seeks to circumvent the requirement that a party's documents should be requested under Rule 34. Accordingly, Weiss's subpoena should be quashed and a protective order entered barring further attempts to subpoena Plaintiffs' experts who have not been designated as testifying witnesses.

**I.      The Rules Prohibit Discovery from Charles River as a Consulting Expert**

The scope of the work product doctrine as it applies to documents is set forth in Rule 26(b)(3). It provides that ordinarily "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, **consultant**, surety, indemnitor, insurer, or **agent**)" (emphasis added). Charles River is plainly Plaintiffs' consultant or agent retained in connection with this litigation. Documents prepared by or exchanged with Charles River concerning this litigation are therefore not discoverable. If someone from Charles River were to be identified as a testifying expert in this case on or before June 17, 2016, *see* DE 24, then Rule 26(b)(4) specifies what expert discovery would then be appropriate. Plaintiffs have not yet designated their testifying expert. Indeed, it is entirely possible that their testifying expert may not even be from Charles River.

Rule 26(b)(4) identifies two kinds of experts: testifying and consulting. Rule 26(b)(4)(D) expressly prohibits discovery from consulting experts:

> (D)  *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.

The only circumstances under which discovery from non-testifying consulting witnesses is permitted is in connection with certain medical examinations under Rule 35(b), *see* Rule 26(b)(4)(D)(i), or upon a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Rule 26(b)(4)(D)(ii). There are no conceivable exceptional circumstances supporting Weiss's

4

subpoena to Charles River. Weiss will have the opportunity to obtain documents from and take the deposition of plaintiffs' testifying expert witness as provided in the Order for Pre-Trial Conference (DE 24). Accordingly, Charles River is not subject to discovery about work performed as a consulting expert unless and until they are identified by plaintiffs as their trial witness in this case pursuant to Rule 26(a)(2).

Weiss's attempt to directly subpoena documents from Charles River, who has not been identified as a testifying expert in this case, is thus patently improper.[5] The Rules on this are clear. Although relatively few cases have addressed this tactic, the relevant authorities have consistently held that it is improper to subpoena materials from a consulting expert.

In *Caribbean I Owners' Ass'n v. Great Am. Ins. Co.*, No. 07-00829, 2009 U.S. Dist. LEXIS 13375 (S.D. Ala. Feb. 20, 2009), the court described the "four interests" weighing against allowing an opposing party to depose or call at trial a consultative, non-testifying expert witness:

> (1) an "important interest in allowing counsel to obtain the expert advice they need in order properly to evaluate and present their clients' position without fear that every consultation with an expert may yield grist for the adversary's mill," which the court found underlies Fed. R. Civ. P. 26(b)(4)(B)'s limitation on discovery of consultative, as opposed to testifying experts; (2) unfairness of allowing an opposing party to benefit from a party's effort and expense incurred in preparing its case; (3) fear of restraint on the willingness of experts to serve as consultants if their testimony could be compelled; and (4) the substantial risk of "explosive" prejudice stemming from the fact of prior retention of any expert by the opposing party.

*Id.* at *5-6. The court went on to note that "[a] party seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden in demonstrating the existence of exceptional circumstances."[6] *Id.* at *6.

In *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 235 F.R.D. 703 (M.D. Fla. 2006) the Court noted that discovery of a non-testifying retained expert could be obtained under Rule

---

[5] It is unfortunately consistent with Weiss's continuing pattern of bad faith and abusive litigation practices which serve no purpose except to multiply the proceedings and run up attorneys' fees. *See* DE 93 (plaintiffs' cross-motion for sanctions against Weiss) at 5-7.

[6] The *Caribbean I* court denied motions to quash two witnesses because it determined they were fact witnesses who personally inspected the subject property before it was damaged by a hurricane, their observations could not be duplicated post-hurricane, both had previously been deposed in related litigation, and their reports and data had been provided by the plaintiff to the defendant insurer. *Id.* at *2-3. No such facts are present here. Charles River has not been identified as a testifying expert and its report and underlying data have not been produced to Weiss. Should plaintiffs elect to designate an expert from Charles River as their testifying expert, plaintiffs will do so within the time set forth in the Order for Pre-Trial Conference (DE 24) and disclose all of the ancillary documents and information required of a testifying expert witness under Rule 26(a)(2)(B)(i-vi).

26(b)(4)(B) only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." 235 F.R.D. at 704.  That case involved a consultant initially hired to provide business and financial advice, but later retained to provide additional services as a non-testifying expert in connection with litigation.  The court declined to quash a deposition subpoena, but only because it was limited to seeking fact information that predated the expert's work and was calculated "to exclude discovery of information after [the expert] was retained in connection with the litigation" and therefore did not violate Rule 26(b)(4).  *Id.* at 705.  Here, there is no relevant fact information to obtain from Charles River, and Weiss will have ample opportunity to conduct expert discovery after Plaintiffs designate their testifying expert.

In *The Bartram, LLC v. LandMark Am. Ins.,* No. 10-28, 2011 U.S. Dist. LEXIS 10100 (N.D. Fla. Jan. 24, 2011), defendants sought production of emails sent and received between a consultant and the firm that managed an apartment project that was the subject of construction defect litigation.  The court held:

> Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure extends the work product privilege to the facts known and opinions held by an expert, who is not expected to be called as a witness at trial and who has been retained or specially employed in anticipation of litigation or preparation for trial.

*Id.* at *8.  In that case, as in *Essex Builders*, the expert wore "two hats," first as a fact witness and later as a retained non-testifying expert.  *Id.*  The Court allowed discovery of emails exchanged before the date of the expert's retention, but held:  "Once [the witness] was formally retained, she became a non-testifying expert and her communications with Plaintiff after that date were protected" by Rule 26(b)(4)(D).  *Id.* at *10.  Here, there can be no contention that Charles River is a fact witness or wears "two hats."  Its work for Plaintiffs has been exclusively as a retained expert consulting on pending litigation.  As a consulting expert, Charles River is immune from disclosure under Rule 26(b)(4)(D) absent exceptional circumstances which are not present here under any conceivable good faith interpretation.

Under the circumstances, plaintiffs respectfully submit they have established good cause in accordance with Rule 26(c)(1) for a protective order prohibiting Weiss from issuing further subpoenas on plaintiffs' consulting experts.  Weiss will have ample opportunity to conduct expert discovery as contemplated by the Rules if and when Charles River is designated as plaintiffs' testifying expert in accordance with the Order for Pre-Trial Conference and Rule

26(a)(2). Until then, Weiss's improper subpoena to a consulting expert serves no purpose except to needlessly multiply the proceedings and further harass and annoy the Plaintiffs consistent with Weiss's pattern of abusive litigation practices. *See* DE 93 at 5-7.

## II. Weiss's Subpoena is Overly Broad

To the extent Weiss's subpoena is not quashed because it is improper, it should be quashed because it is overly broad insofar as it is not limited to expert opinions concerning the Plaintiffs' trademarks. This underscores why Weiss's subpoena to Charles River is improper in the first place: Charles River cannot possibly be Plaintiffs' testifying expert since Plaintiffs have not disclosed its opinions to Weiss. Nevertheless, to the extent Plaintiffs retained Charles River for any other purposes, such retention is not related to two Lanham Act claims and one Lanham Act counterclaim remaining in this case. Accordingly, Weiss's subpoena is overly broad even if it were not improper.

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court enter an order quashing Weiss's subpoena to Charles River Associates, entering a protective order prohibiting Weiss from issuing further Rule 45 subpoenas to Plaintiffs' experts who are not designated as testifying experts and granting such other and further relief as the Court deems just and proper. In light of Weiss's pattern of needlessly multiplying these proceedings, Plaintiffs respectfully submit the Court should consider awarding Plaintiffs their expenses related to this motion in accordance with Rule 37(a)(5).

Dated: March 9, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |

785695

## CERTIFICATE OF GOOD FAITH

Counsel to the parties conferred prior to Plaintiffs' filing this motion. On March 3, 2016, we wrote to defendant's counsel advising them of our view that defendant's subpoena to Charles River Associates is improper and asking them to withdraw their subpoena so that we may avoid yet more needless motion practice. Weiss's counsel responded with their position. We replied and addressed the points raised by Weiss's counsel. Weiss's counsel did not respond to several requests asking if they opposed the relief requested herein. Accordingly, the parties were unable to reach agreement on the issues raised in Plaintiffs' cross-motion for sanctions.

/s/ Daniel Tepper
Daniel Tepper (admitted *pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653
tepper@whafh.com

*Co-counsel to Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2016, I electronically filed the foregoing Plaintiffs' Motion to Quash Subpoena to Non-Party Expert and for a Protective Order and Incorporated Memorandum of Law (DE __) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brian M. Becher
Brian M. Becher
Florida Bar No. 160393
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Tel.: (561) 477-7800
Fax: (561) 477-7722
bmbecher@sbwlawfirm.com

## SERVICE LIST

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:    (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |