UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-cv-80773-WJZ

FINEST KNOWN LLC, GOLD AND ENERGY
OPTIONS TRADER, LLC, JAMES DiGEORGIA,
GEOFFREY GARBACZ and QUANTITATIVE
PARTNERS, INC.,

    Plaintiffs,

vs.

WEISS RESEARCH, INC. AND BRAD HOPPMANN,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO MOTION TO QUASH SUBPOENA TO NON-PARTY EXPERT AND FOR A PROTECTIVE ORDER

Defendant, Weiss Research, Inc. ("Weiss"), by and through its undersigned counsel, hereby responds to Plaintiffs Finest Known, LLC ("Finest Known"), Gold and Energy Options Trader, LLC ("GEOT") and James DiGeorgia's ("DiGeorgia") Motion to Quash Subpoena to Non-Party Expert and for a Protective Order ("Motion to Quash"), and states:

Plaintiffs[1] have represented to this Court that they intend to rely on the expert reports of Charles River Associate ("Charles River") "to prove their Lanham Act claims." DE 58, p. 6. In their Motion to Quash, Finest Known, GEOT and DiGeorgia again repeat this statement. DE 98, p. 2. This identification of Charles River as their expert whose opinions may be presented at trial, eliminates Finest Known, GEOT and DiGeorgia's claim that Charles River is a non-testifying expert. Fed. R. Civ. P. 26(b)(4). Plaintiffs' failure to properly disclose the information required by Rule 26(a)(2) does not reverse their identification.

---

[1] "Plaintiffs" refers to Finest Known, GEOT, DiGeorgia, Quantitative Partners, Inc. and Geoffrey Garbacz.

Finest Known, GEOT and DiGeorgia begin by making faulty assumption that Charles River is a non-testifying expert because, although Plaintiffs have identified Charles River as the expert whose opinions may be presented at trial, Plaintiffs have not made their Rule 26(a)(2) expert disclosures. From this faulty premise, they then argue that there is no basis for Weiss to obtain discovery from a non-testifying expert under Rule 26(b).[2] However, Finest Known, GEOT and DiGeorgia never address the true problem with their argument: Plaintiffs have already designated Charles River as their testifying expert, and thus, subjected themselves and Charles River to the requirements of Rule 26(a)(2). Because Plaintiffs have identified Charles River as an expert who may testify, Weiss's subpoena to Charles River is proper, and this Court should deny the Motion to Quash.

## MEMORANDUM OF LAW

### A. Weiss's Subpoena is Proper Because Plaintiffs Identified Charles River as a Testifying Expert.

Weiss's subpoena seeks discoverable information because Plaintiffs identified Charles River as their expert whose opinions would be presented at trial. If Finest Known, GEOT and DiGeorgia believe that specific documents are privileged, then they must prepare a privilege log. They also have the burden of establishing the existence of a privilege. *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 2006 WL 1733857, at *2 (M.D. Fla. June 20, 2006) ("The party asserting the privilege has the burden of proving the existence of the privilege.").

Rule 26 distinguishes between two types of experts: testifying and non-testifying. A testifying expert is "any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A) (describing when a testifying expert may be

---

[2] The cases Finest Known, GEOT and DiGeorgia cite are all irrelevant to this issue, because the cases deal with waiver of work product privilege for a non-testifying expert, not discovery of a testifying expert.

deposed).  A non-testifying expert is an expert "who is not expected to be called as a witness at trial."  Fed. R. Civ. P. 26(b)(4)(D); *Essex Builders*, 2006 WL 1733857, at *2 (describing a non-testifying expert was one who "is not expected to testify at trial.").

Plaintiffs have identified Charles River as a testifying witness because they have stated that they intend to rely on Charles Rivers' opinions "to prove their Lanham Act claims."  DE 58, p. 6.  This clearly puts Charles River into the category of experts "whose opinions may be presented at trial."  Now that Plaintiffs have identified their testifying expert, Weiss may obtain discovery from that expert.

Rule 26(a)(2) governs the disclosure of testifying experts and their reports.  The rule sets out specific matters that must be included with the expert disclosure, as well as setting out when the disclosures must be made.  Fed. R. Civ. P. 26(a)(2).  Rule 26(a) requires certain information to accompany the identification, but does not specify the precise form that the identification itself must take.  *Id.*  ("[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.").

In this case, Plaintiffs identified their witness in their opposition to Weiss's Motion for Summary Judgment by stating that Charles River's report would be used "to prove their Lanham Act claims."  DE 58, p. 6.  However, Plaintiffs failed to comply with the remainder of Rule 26(a)(2)'s required disclosures, which include, *inter alia*, the witness's qualifications, a list of other cases from the previous four years in which the witness testified as an expert, compensation to be paid to the expert, and the facts or data considered by the expert in forming the expert's opinion.  Fed. R. Civ. P. 26(a)(2)(B).  If Charles River had not completed its report when Plaintiffs identified Charles River as their expert, then Plaintiffs have a continuing duty to supplement the disclosure with the expert report when it is completed.  Fed. R. Civ. P. 26(a)(2)

3

and (e).  Plaintiffs cannot now rely on their failure to comply with the disclosure requirements of Rule 26(a)(2) to avoid the production of the very documents required under the rule.

> **B.    Weiss's Subpoena is Proper Because Plaintiffs Waived Work Product Privilege as to Charles River When They Relied on Charles River in Their Opposition to Weiss's Motion for Summary Judgment.**

Even if Plaintiffs did not identify Charles River as their testifying expert, Plaintiffs waived any privilege as to Charles River as a non-testifying expert when they relied on Charles River in their opposition to Weiss's Motion for Summary Judgment.  DE 58, p. 6.

In a very recent decision by another court in this District, the court denied a motion to quash a subpoena of an expert whom the plaintiffs identified in their complaint and in response to interrogatories, but who had not been named as a trial witness.  *Adinolfe v. United Technologies Corp., d/b/a Pratt & Whitney*, Case No. 10:80840-RYSKAMP/HOPKINS at 1-2 (March 22, 2016) (attached as **Exhibit 1**).  The court explained that "'the overwhelming majority of persuasive authority from other circuits holds that voluntary disclosure of work product information to an adversary waives work product protection as to that information.'"  *Id.* at 2 (quoting *Chick-fil-A v. ExxonMobil Corp.*, 2009 WL 3763032, at *3 (S.D. Fla. Nov. 10, 2009)).  Additionally, "Plaintiffs voluntarily referred to [the expert]'s testing in their Third Amended Complaint and in response to Defendant's interrogatories."  *Id.*  The court concluded that "Plaintiffs have waived any work product protection associated with [the expert]'s testing data by relying on same in both their Third Amended Complaint and in their discovery responses."[3]  *Id.* at 3.

Likewise, Plaintiffs here expressly referenced Charles River in their opposition to Weiss's Motion for Summary Judgment, waiving any privilege they may have had.  DE 58, p. 6.

---

[3] The court also determined, as an alternative basis for denying the motion to quash, that the subpoena should be permitted because the plaintiffs' expert's tests were of an allegedly transitory contaminant and the tests could not be completed.  *Id.*

4

C.     **Weiss's Subpoena is Not Overly Broad.**

Weiss subpoena is not overly broad, because it is based on Plaintiffs' identification of Charles River as their testifying expert "to prove their Lanham Act claims."  DE 58, p. 6.  To the extent Charles River has been retained for other matters other than those related to the claims in this case, Finest Known, GEOT and DiGeorgia may be able to raise work product privilege, but the privilege is limited and any ambiguities must be resolved in favor of disclosure.

Courts have recognized that an expert may, in some circumstances, be retained both as a non-testifying expert and as a testifying expert.  *Tampa Bay Water v. HDR Eng'g, Inc.*, 2010 WL 3394729, at *3 (M.D. Fla. Aug. 26, 2010).  Generally, "once a litigation consultant also becomes a testifying expert, all materials considered by the expert in the formation of his testimony are discoverable regardless of whether these same materials were also considered by the expert in his role as a litigation consultant."  *Id.* at *2.  If, and only if, the documents have "no relation to the experts' role as an expert," the documents do not need to be produced.  *Id.* at *3 (internal citations omitted).  However, "where an ambiguity arises as to the role played by the expert in his review or creation of a document, courts should favor disclosure."  *Id.*  Further, if work product privilege does apply to documents with no relation to the expert's role as an expert, then "[t]he party asserting the privilege has the burden of proving the existence of the privilege."  *Essex Builders*, 2006 WL 1733857, at *2.

If Plaintiffs have retained Charles River for non-testifying work, and if that work has no relation to Charles Rivers' role as an expert in this case, then the documents may be covered by work product privilege.  However, all documents responsive to the subpoena that have any relation to Charles Rivers' role as an expert in this case must be produced.

## **CONCLUSION**

Because Plaintiffs have identified Charles River as their expert whose opinions may be presented at trial, Plaintiffs have identified Charles River as their testifying expert. Weiss's subpoena is proper because it seeks documents from a testifying expert that are within the scope of discovery, particularly Rule 26. Additionally, Plaintiffs have an affirmative duty under Rule 26(a)(2) to produce documents required by the rule, and they cannot rely on their failure to comply with the rule to quash Weiss's subpoena. Finally, Weiss's subpoena is not overbroad, and to the extent Charles River has been retained for matters with no relation to their role as an expert in this case, Finest Known, GEOT and DiGeorgia must demonstrate work product privilege applies.

For these reasons, this Court should deny the Motion to Quash.

Respectfully submitted,

/s/ *John W. Terwilleger*
**G. JOSEPH CURLEY**
Florida Bar No. 0571873
E-mail: gcurley@gunster.com
MICHAEL W. MARCIL
Florida Bar No. 0091723
E-mail: mmarcil@gunster.com
JOHN W. TERWILLEGER
Florida Bar No. 107095
E-Mail: jterwilleger@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL  33401-6194
Telephone:    561-655-1980
Facsimile:    561-655-5677
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2016, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**
*Finest Known LLC et al. v. Weiss Research, Inc. and Brad Hoppmann*
Case No. 9:15-cv-80773-WJZ

Brian M. Becher, Esq.
Florida Bar No. 160393
E-Mail: bmbecher@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:  (561) 477-7800
Facsimile:   (561) 477-7722
*Counsel for Plaintiffs*

Charles J. Hecht, Esq. (Admitted Pro Hac Vice)
E-Mail: hecht@whafh.com
Daniel Tepper, Esq. (Admitted Pro Hac Vice)
E-Mail: tepper@whafh.com
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY  10016
Telephone:  (212) 545-4600
Facsimile:   (212) 545-4653
*Counsel for Plaintiffs*