# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENA TO NON-PARTY EXPERT AND FOR A PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Finest Known, LLC, Gold and Energy Options Trader LLC, and James DiGeorgia (collectively, "**Plaintiffs**"), by their undersigned counsel, reply as follows in further support of their motion to quash the subpoena issued by defendant, Weiss Research, Inc. ("**Weiss**"), to Plaintiffs' consulting expert, Charles River Associates ("**Charles River**"), and for a protective order barring Weiss from making further demands for documents and information from Plaintiffs' consulting expert.[1]

Weiss' opposition rests on the fallacy that Plaintiffs have designated their consulting expert from Charles River as a testifying expert under Fed. R. Civ. P. 26(b)(4) solely by disclosing that Charles River has been retained and plaintiffs' intention to prove their claims with Charles River's help.[2] Plaintiffs have not designated Charles River as their testifying expert because they have not disclosed Charles River's written report as required under Rule 26(a)(2)(B), the substance of his opinions, the basis for his opinions, any exhibits that will be used to support his opinions, his qualifications, his compensation, or a list of cases in which he

---

[1] Weiss's opposition to Plaintiffs' motion will be referred to as the "**Opp.**"

[2] Charles River's retention was disclosed in connection with Plaintiffs' motion for relief under Rule 56(d) (DE 58, 61, 74) because of Weiss' failure to produce discovery needed by Charles River to conduct Plaintiffs' trademark surveys.

has testified over the previous four years, as required in connection with the designation of a testifying expert under Rule 26(a)(2)(B)(i – vi).  Indeed, it is impossible to disclose the substance of Charles River's opinions because Weiss continues to withhold the documents needed by Charles River to perform Plaintiffs' trademark surveys.  *See* n.2, *supra*.

Weiss cites no authority holding that identification of a consulting expert and articulation of an intention to prove plaintiffs' claims with the expert's assistance somehow transforms him into a testifying expert absent production of a written report and the other items required to be disclosed under Rule 26(a)(2)(B)(i – vi).  The fact is that Plaintiffs have not yet designated their testifying expert in this case, and will do so within the time allowed by the Court in its Order for Pre-Trial Conference (DE 24) or otherwise, and in accordance with the disclosure requirements under Rule 26(a)(2)(B).  Weiss cites to *Tampa Bay Water v. HDR Eng'g*, *Inc.* for the proposition that a consulting expert can become a testifying expert.  No. 08-cv-2446, 2010 WL 3394729 (M.D. Fla. Aug. 26, 2010).  That much is true, but Charles River has not been designated by Plaintiffs as their testifying expert in this case.

Weiss further relies on *Adinolfe v. United Technologies Corp. d/b/a Pratt & Whitney*, Case No. 10-80840, Order (S.D. Fla. Mar. 22, 2016), but that case is not relevant to the issues on this motion.  Weiss cites *Adinolfe* to support its contention that "voluntary disclosure of work product information to an adversary waives work product protection as to that information." Opp. at 4, citing *Adinolfe* at *2.  In *Adinolfe*, the plaintiffs used the substance of their expert's testing data in their Third Amended Complaint as well as in their discovery responses.  Opp. at 4, citing *Adinolfe* at *3.  *Adinolfe* is thus distinguishable because **Plaintiffs have not disclosed any expert work product to Weiss in this case.**  *Adinolfe* thus offers no support for Weiss's contention that Charles River has been designated as Plaintiffs' testifying expert because "Plaintiffs have expressly referenced Charles River" in support of their motion for relief under Rule 56(d).

Finally, to the extent Weiss' subpoena is not quashed for the reasons above, it must be limited to seek documents pertaining only to the Lanham Act claims remaining in this case. Weiss' sole basis for subpoenaing Charles River is that Plaintiffs disclosed that Charles River was retained "to prove their Lanham Act claims."  Mot. at 5.  Weiss has articulated no basis to subpoena Charles Rivers for any other purpose.

2

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court: 1) enter an order quashing Weiss's subpoena to Charles River Associates, or 2) enter a protective order prohibiting Weiss from issuing further Rule 45 subpoenas to Plaintiffs' experts who are not designated as testifying experts; and grant such other and further relief as the Court deems just and proper.  In light of Weiss' pattern of needlessly multiplying these proceedings, Plaintiffs respectfully submit the Court should consider awarding Plaintiffs their expenses related to this motion in accordance with Rule 37(a)(5).

Dated: April 1, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |
| | 786048 |

## CERTIFICATE OF SERVICE

      I hereby certify that on April 1, 2016, I electronically filed the foregoing Plaintiffs' Reply in Further Support of Motion to Quash Subpoena to Non-Party Expert and for a Protective Order and Incorporated Memorandum of Law (DE __) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Brian M. Becher
      Brian M. Becher
      Florida Bar No. 160393
      SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
      7777 Glades Road, Suite 400
      Boca Raton, Florida 33434
      Tel.: (561) 477-7800
      Fax: (561) 477-7722
      bmbecher@sbwlawfirm.com

## SERVICE LIST

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:   (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN &<br>HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |