IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

**PLAINTIFFS' MOTION TO STAY DISCOVERY
OR FOR A CONTINUANCE OF THE PRE-TRIAL CONFERENCE**

Plaintiffs Finest Known, LLC ("**Finest Known**"), Gold and Energy Options Trader LLC ("**GEOT LLC**") and James DiGeorgia (collectively, "**Plaintiffs**"), by their undersigned counsel, move for a stay of discovery pending the Court's ruling on plaintiffs' motion for voluntary dismissal; or alternatively, for a continuance of the Pre-Trial Conference scheduled to be held on August 26, 2016 and the remaining deadlines tied thereto under the Court's Order for Pre-Trial Conference (DE 24).

Plaintiffs' motion should be granted because no party will be harmed if discovery is stayed, and further because:

1.   Each side has made a dispositive motion, which have been fully briefed and are *sub judice*, which will fully and finally resolve this case if either side's motion is granted; or

2.   Defendant, Weiss Research, Inc. ("**Weiss**"), continues to withhold discovery needed by Plaintiffs' expert thus making it impossible for Plaintiffs to comply with the expert disclosure deadline despite their diligent efforts; or

3.   Plaintiffs have common law trademark claims pending in Florida state court against Weiss which relate to the same transactions and occurrences at issue in this case and rely upon substantially the same expert discovery; Plaintiffs will be further prejudiced if they must complete expert discovery in this case prior to completing expert discovery in the companion state case.

## THE FACTS

Plaintiffs, together with non-parties Geoffrey Garbacz and Quantitative Partners, Inc. (collectively, the "**Editors**"), create editorial content for financial newsletters published on the Internet, including Superstock Trader, Gold & Energy Options Trader, Options Index Trader and Gold & Energy Investor (together, the "**Publications**"). DE 39 at ¶ 15 *et seq*. The Publications are owned by Finest Known and GEOT LLC, as are the associated trademarks. DE 1 at ¶ 19; DE 94 at ¶ 6. Weiss publishes, distributes, markets and promotes financial newsletters such as the Publications. DE 39 at ¶ 22.

On June 25, 2013, the Editors entered into an agreement (as amended by the modification dated February 1, 2014, the "**June 25 Agreement**") under which Weiss was granted a license to market and promote the Publications for a specific period of time so long as Weiss used its "commercially reasonable best efforts." *Id.* at ¶¶ 23-24; DE 40-1 (June 25, 2013 Agreement) at § 5; DE 40-3 (Feb. 1, 2014 modification) at Art. 1(e). On February 26, 2015, Finest Known sent Weiss a demand to cure based upon Weiss' failure to market and promote the Publications using its commercially reasonable best efforts. DE 40-7. Finest Known terminated the June 25 Agreement when Weiss failed to cure (or even put forward a plan to cure). DE 39 at ¶¶ 65-66; DE 40-9.

Weiss retaliated for the Editors' termination of the June 25 Agreement by stealing the Publications from Finest Known and GEOT LLC. *See* DE 39 at ¶¶ 41, 46, 52, 55, 56, 76. Within days, Weiss slightly changed the names of certain of the Publications (*e.g.*, from Superstock Trader to Superstar Trader) and continued to sell them to the same subscribers passing off the Editors' copy, track records and intellectual property as Weiss' own. *Id.* Weiss thus infringed on Finest Known and GEOT LLC's trademark rights and kept 100% of the revenue from the Publications in violation of the June 25 Agreement.

The Editors filed the Complaint on May 29, 2015. *See* DE 1. Count I of the Complaint is for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Count II of the Complaint is for dilution under the Lanham Act, 15 U.S.C. § 1125(c). The trademarks underlying Counts I and II are owned by Finest Known and GEOT LLC. DE 94 at ¶ 6. The remaining seven causes of action assert claims under Florida state law. DE 1. Defendants' answer asserted a counterclaim for cancellation of Finest Known and GEOT LLC's trademarks. DE 20. The remaining ten counterclaims assert claims under Florida state law. *Id.*

On November 18, 2015, the Court *sua sponte* issued an Order declining to exercise supplemental jurisdiction over the Editors' claims brought under state law. *See* DE 44. The parties subsequently stipulated to a voluntary dismissal of defendants' counterclaims sounding in state law. *See* DE 52. Following dismissal of both sides' state law claims and counterclaims, the only remaining claims are Counts I and II under the Lanham Act in connection with marks owned by Finest Known and GEOT LLC, and the only remaining counterclaim is Count V for cancellation of the same marks. *See* Declaration of Daniel Tepper in Support of Plaintiffs' Motion to Stay Discovery or for a Continuance of the Pre-Trial Conference (the "**Tepper Decl.**") at ¶¶ 5-6. The parties then re-filed their state claims from this case in Florida state court, but with Weiss as the plaintiff and the plaintiffs in this case as the defendants / counterclaim plaintiff. The federal plaintiffs' / state defendants' counterclaims in state court include a claim against Weiss for common law trademark infringement. *Id.*

On November 24, 2015, Weiss moved for summary judgment, asking the Court to deny plaintiffs' remaining claims and grant Weiss' remaining counterclaim. *Id.* at ¶ 7, DE 56. Plaintiffs opposed Weiss' motion for summary judgment and cross-moved for relief under Rule 56(d) on the basis that Weiss has not produced certain discovery to plaintiffs, in particular the data that plaintiffs' expert needs to conduct his trademark surveys. DE 58, Point I(A). Tepper Decl., ¶ 8. [1]

Further, plaintiffs cross-moved for leave to voluntarily dismiss their remaining claims. DE 58, Point II; Tepper Decl., ¶ 8. In their motion for voluntary dismissal, Plaintiffs noted that no prejudice would result to Weiss if the motion were granted and that denying the motion would subject plaintiffs to the risk of multiple and inconsistent adjudications in two related matters arising out of related facts. *Id.* Plaintiffs further noted that a voluntary dismissal of their claims in this case would allow all of the issues related to the parties' dispute to be decided at the same time on the same record in the same court (the state court). *Id.*

Weiss' motion for summary judgment and plaintiffs' cross-motions for relief under Rule 56(d) and for voluntary dismissal are all *sub judice.* Tepper Decl., ¶ 9. Weiss has still not

---

[1] The discovery withheld by Weiss includes information concerning active, inactive and renewal subscribers to the Publications. At all relevant times, the subscribers to the Publications were the property of Finest Known and GEOT LLC, who owned the Publications. Weiss had the right to use the subscriber data during the term of the June 25 Agreement and the right to market to active subscribers for twelve months after termination of the June 25 Agreement, which ceased on March 29, 2016. Nothing in any of the parties' agreements gives Weiss a property interest in the Publications' subscriber lists.

produced the documents referenced in plaintiffs' pending motion for relief under Rule 56(d). *Id.,* ¶ 10. If the discovery is not adjourned pending resolution of the parties' dispositive motions or the pre-trial conference continued, expert reports and resumes will be due on June 17, 2016 notwithstanding Weiss' continued failure to produce the documents sought by plaintiffs' and further notwithstanding that the state court has not yet set expert disclosure deadlines. DE 24; Tepper Decl., ¶¶ 4, 6, 10.

## STANDARD FOR RELIEF

The Court has broad discretion over discovery scheduling as part of its inherent authority to control its docket. *Clinton v. Jones,* 520 U.S. 681, 706 (1997). *See also* Rule 6(b)(1)(A) (for good cause, the Court may extend any deadline if the request is made before the original deadline expires); Rule 16(b) (Court may consent to modify scheduling order for good cause).

The Court may stay discovery upon a showing of good cause and reasonableness. *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (granting motion to stay discovery). A stay of discovery during the pendency of a dispositive motion may be appropriate if a pending dispositive motion will fully resolve the entire case. *Id.* In making that determination, the Court must balance any harm from delaying discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Id.* To that end, the Court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.*

Alternatively, the Court may grant a continuance of the pre-trial conference instead of staying discovery. This would have the effect of extending the discovery deadlines because they are tied to the date of the pre-trial conference. *See* DE 24 (Pre-Trial Conference Order). Local Rule 7.6 allows the Court to grant a continuance of a pre-trial conference upon "showing of good cause" and only in "exceptional circumstances." The rule does not explain what constitutes "exceptional circumstances," but Courts have found its correspondent "extraordinary circumstances" to be akin to good cause. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("as a practical matter, extraordinary circumstances is a close correlative of good cause"); *Kittinger / Pennsylvania House Group, Inc.*, 116 F.R.D. 363, 365-66 (M.D. N.C. 1987) ("good cause" shown when there are "extenuating circumstances") (allowing modification of original discovery schedule).

Accordingly, the Court may grant the primary or alternative relief sought by Plaintiffs if it believes there is good cause to do so.

## ARGUMENT

Plaintiffs respectfully submit they have shown good cause for granting the relief sought herein.

The Court should stay discovery pending resolution of plaintiffs' motion for voluntary dismissal because the motion is meritorious for the reasons set forth in their moving and reply papers, which are incorporated by reference. *See* DE 58, 61, 75. Granting plaintiff's motion for voluntary dismissal will fully and finally dispose of this case. *Id.* In particular, allowing plaintiffs to voluntarily dismiss their remaining Lanham Act claims would not prejudice Weiss in any way because the Court did not have subject matter jurisdiction over Weiss' counterclaim to cancel plaintiffs' marks when the counterclaim was brought. Even if this jurisdictional defect were curable, Weiss would still not be prejudiced by allowing plaintiffs to voluntarily dismiss their claims because Weiss' counterclaim could still be independently adjudicated before the Trademark Trial and Appeal Board or the parties' pending action in Florida. *See, e.g., Aquatherm Indus. v. Florida Power & Light Co.*, 84 F.3d 1388, 1394 (11th Cir. 1996 ) (noting that federal courts do not have exclusive jurisdiction over Lanham Act clams, which could have been litigated in state courts); *Ditri v. Coldwell Banker Residential Affiliates*, 954 F.2d 869, 873 (3d Cir. 1992) (noting that a petition to the Patent and Trademark Office is the primary means of securing a cancellation). Further, neither plaintiffs' trademark claims nor Weiss' counterclaim have been extensively litigated in this proceeding.

The Court's decision not to exercise supplemental jurisdiction over plaintiffs' state law claims resulted in plaintiffs facing litigation arising from the same dispute in two different courts. Such a result is costly and unfair to plaintiffs, an inefficient and duplicative use of judicial resources, and subjects plaintiffs to the risk of multiple and conflicting adjudications in two related matters with the same underlying facts. This supports allowing plaintiffs to voluntarily dismiss their claims so that all of the issues related to the parties' dispute can be decided at the same time on the same record in the same court. Allowing plaintiffs to voluntarily dismiss their Lanham Act claims is especially appropriate given Weiss' failure to produce discovery needed by plaintiffs to perform their trademark surveys and otherwise to oppose Weiss' motion for summary judgment.[2]

---

[2] The Court may also grant plaintiffs' motion for a stay of the discovery deadlines if the Court's "sneak peek" of Weiss' motion for summary judgment leads the Court to conclude that Weiss' motion for summary judgment is clearly meritorious and case dispositive. *McCabe*, 233 F.R.D. at 685. However, plaintiffs believe that Weiss' motion for summary judgment should be denied for the reasons set forth in

If the Court does not find plaintiffs' motion for voluntary dismissal to be "clearly meritorious and truly case dispositive", *McCabe*, 233 F.R.D. at 685, the Court should nevertheless adjourn the date of the pretrial conference because of Weiss' continued refusal to produce the documents needed by plaintiffs' expert to conduct plaintiffs' trademark surveys. Weiss' failure to produce this discovery and the reasons it is needed is set forth in plaintiffs' moving and reply papers on their pending motion for relief under Rule 56(d), which are incorporated by reference. *See* DE 58, 61, 74.  Weiss' failure to produce this discovery means, *ipso facto*, that plaintiffs cannot meet the expert disclosure deadline.  *See* Rule 16 advisory committee note (to establish good cause for extending a deadline in a scheduling order, the movant must show the scheduling deadline cannot "be met despite the diligence of the party seeking the extension").

Plaintiffs respectfully submit that in light of the similarity between their Lanham Act claims in this case and their counterclaim for common law trademark infringement in the state case, the interests of justice and judicial economy would be best served if discovery between the two cases were coordinated such that plaintiffs' expert report from this case may be used in connection with their trademark claim in the state case.  The state court has not yet set any deadlines for expert disclosure, and plaintiffs will be prejudiced in the state case if they must complete their expert disclosure from this case while discovery is still outstanding in the state case.

---

their opposition papers (DE 58, 61), and that this case should instead be disposed of through a voluntary dismissal.

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court enter an order staying discovery pending disposition of the parties' dispositive motions, or alternatively, continuing the pre-trial conference scheduled for August 25, 2016, and granting such other and further relief as the Court deems just and proper.

Dated: April 18, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |
| | 786339 |

## **CERTIFICATE OF GOOD FAITH**

Counsel to the parties conferred prior to Plaintiffs' filing this motion.  On April 14, 2016, I wrote to Defendant Weiss Research's counsel asking if their client will oppose a stay of discovery pending resolution of the pending dispositive motions, or alternatively, for a continuance of the pre-trial conference date.  Defendant's counsel, Michael Marcil, responded in writing advising that his client opposes the requested relief.  Accordingly, the parties were unable to reach agreement on the issued raised in Plaintiffs' Motion to Stay Discovery or for a Continuance of the Pre-Trial Conference.

/s/ Daniel Tepper
Daniel Tepper (admitted *pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653
tepper@whafh.com

*Co-Counsel to Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2016, I electronically filed the foregoing Plaintiffs' Motion to Stay Discovery and Incorporated Memorandum of Law (DE __) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brian M. Becher
Brian M. Becher
Florida Bar No. 160393
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Tel.: (561) 477-7800
Fax: (561) 477-7722
bmbecher@sbwlawfirm.com

## SERVICE LIST

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:   (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |