UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:15-cv-80773-WJZ

FINEST KNOWN LLC, GOLD AND ENERGY
OPTIONS TRADER, LLC, JAMES DiGEORGIA,
GEOFFREY GARBACZ and QUANTITATIVE
PARTNERS, INC.,

    Plaintiffs,

vs.

WEISS RESEARCH, INC. AND BRAD HOPPMANN,

    Defendants.
_____/

### DEFENDANT'S RESPONSE TO MOTION TO STAY DISCOVERY OR FOR A CONTINUANCE OF THE PRE-TRIAL CONFERENCE

Defendant, Weiss Research, Inc. ("Weiss"), by and through its undersigned counsel, hereby responds to Plaintiffs Finest Known, LLC ("Finest Known"), Gold and Energy Options Trader, LLC ("GEOT") and James DiGeorgia's ("DiGeorgia") Motion to Stay Discovery or for a Continuance of the Pre-Trial Conference ("Motion to Stay"), and states:

### INTRODUCTION

Discovery stays are disfavored in this district. Plaintiffs have not established good cause under Fed. R. Civ. P. 26(c) to stay discovery at this late stage of the proceedings when a motion for summary judgment is pending. The Pre-trial Conference is on August 26, 2016, which is only four months away. Trial can begin as early as August 29, 2016. Plaintiffs have not diligently sought discovery in this action, and their dilatory tactics do not entitle Plaintiffs to an eleventh hour reprieve.

## ARGUMENT

This is a trademark infringement and dilution case where the Plaintiffs shot first and asked questions later.[1] Plaintiffs sued Weiss under the Lanham Act, yet had no evidence to support their claim that their marks had acquired secondary meaning, that there marks were "famous," or that there was a likelihood of confusion. When Weiss moved for summary judgment (DE 56), Plaintiffs hastily moved to dismiss their own claims (DE 58) and refiled certain trademark claims in state court. At the time, Plaintiffs (the Editors) stated without compunction that "[t]he most Weiss can say is the Editors lack proof for their claims. . . ." (DE 75 at 7). Now, after eight months of inexcusable inactivity on discovery, Plaintiffs tardily move to stay discovery.

Plaintiffs have not established good cause to stay discovery under Fed. R. Civ. P. 26(c). "Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district," and "discovery ordinarily should not be stayed when necessary to defend against the motion," or where "the time remaining to conduct discovery in the case is short." *Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013).

Plaintiffs claim that they need discovery to respond to the Motion for Summary Judgment (DE 58, 75). Specifically, Plaintiffs claim they need to know Weiss' subscribers to conduct a consumer trademark survey. (DE 104 p. 3 at n. 1). Plaintiffs' Motion to Stay should be denied for three independent and adequate reasons.

First, as held in the *Flecha* decision, "discovery ordinarily should not be stayed when necessary to defend against the motion." 944 F. Supp. at 1203. Because Plaintiffs claim to need

---

[1] "Plaintiffs" refers to Finest Known, GEOT, DiGeorgia, Quantitative Partners, Inc. ("QPI") and Geoffrey Garbacz ("Garbacz"), all of whom are Plaintiffs in Counts I and II. (DE 1 at ¶¶ 48, 52).

2

discovery to respond to the Motion for Summary Judgment (DE 58), a stay of discovery inappropriate.

Second, as held in *Flecha*, "the time remaining to conduct discovery in this case is short." 944 F. Supp. at 1203. The discovery deadline is on August 6, 2016, which is approximately three months away. The parties are currently eight months into the discovery period. Plaintiffs' problem is that they have not diligently pursued discovery. In the four months passed since they claimed to need data and documents to respond to Weiss's Motion for Summary Judgment, Plaintiffs (1) have served <u>no</u> document requests, (2) have served <u>no</u> interrogatories, (3) have <u>not</u> sought to depose Weiss, (4) have <u>not</u> sought to depose any witness, and (5) have <u>not</u> moved to compel production of data. While Plaintiffs claim they need to know Weiss's customers to conduct a trademark survey, Plaintiffs have never filed a motion to compel requesting this information.

Third, customer information is irrelevant to a consumer trademark survey. *See Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 62 (D. D.C. 2008). In fact, when Weiss sought discovery from Plaintiffs' expert, Plaintiffs denied disclosing a trademark expert. (DE 98 at 2).

Therefore, Discovery should not be stayed at this late stage because Plaintiffs have had ample time to seek evidence in support of their claims, and, as in *Flecha*, the time to remaining to conduct discovery in this case is short (approximately three months).

Plaintiffs' other arguments are easily disposed of as impertinent. The fact that Plaintiffs venue shopped by filing the same trademark claims in state court *after* Weiss moved for summary judgment is of no moment. Plaintiffs chose to sue Weiss in federal court first. While Plaintiffs may hope state court will be a more forgiving forum for their flimsy trademark claims,

3

they are not prejudiced by having to comply with federal court deadlines in a proceeding they initiated.

Likewise, this Court should reject Plaintiffs' misplaced argument that this Court lacks subject jurisdiction over the Counterclaim, which requests cancelation of the descriptive marks. Registered marks[2] are cancellable by a district court "in any action involving a registered mark." 15 U.S.C. § 1119.[3]  Regardless, subject matter jurisdiction is a legal question that does not support a stay of discovery.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion to Stay.

Respectfully submitted,

/s/ *Michael W. Marcil*
**G. JOSEPH CURLEY**
Florida Bar No. 0571873
E-mail: gcurley@gunster.com
MICHAEL W. MARCIL
Florida Bar No. 0091723
E-mail: mmarcil@gunster.com
JOHN W. TERWILLEGER
Florida Bar No. 107095
E-Mail: jterwilleger@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL  33401-6194
Telephone:     561-655-1980
Facsimile:     561-655-5677
*Counsel for Defendants*

---

[2] *Superstock Investor* (Registration No. 4900699), *Gold and Energy Advisor* (Registration No. 4900745) and *Gold and Energy Options Trader* (Registration No. 4904194) are registered with the Patent and Trademark Office.  *See* tess2.uspto.gov.   The trademark applications for *Superstock Trader*, *Gold and Energy Investor* and *Options Index Trader* have been abandoned by Finest Known and GEOT, respectively.  *Id.*

[3] Because the Counterclaim cannot remain pending for independent adjudication, Plaintiffs' motion to dismiss cannot be granted.  *See* 15 U.S.C. § 1119; *Century Senior Services v. Consumer Health Benefit Assoc., Inc.*, 770 F. Supp. 2d 1261 (S.D. Fla. 2011).

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2016, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Michael W. Marcil*

## SERVICE LIST
*Finest Known LLC et al. v. Weiss Research, Inc. and Brad Hoppmann*
Case No. 9:15-cv-80773-WJZ

Brian M. Becher, Esq.
Florida Bar No. 160393
E-Mail: bmbecher@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:  (561) 477-7800
Facsimile:   (561) 477-7722
*Counsel for Plaintiffs*

Charles J. Hecht, Esq. (Admitted Pro Hac Vice)
E-Mail: hecht@whafh.com
Daniel Tepper, Esq. (Admitted Pro Hac Vice)
E-Mail: tepper@whafh.com
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY  10016
Telephone:  (212) 545-4600
Facsimile:   (212) 545-4653
*Counsel for Plaintiffs*