### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

| | |
|---|---|
| FINEST KNOWN, LLC, GOLD AND ENERGY OPTIONS TRADER LLC, JAMES DiGEORGIA, GEOFFREY GARBACZ and QUANTITATIVE PARTNERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WEISS RESEARCH, INC. and BRAD HOPPMANN, <br><br> Defendants. | Civil Action No. 9:15-cv-80773-WJZ |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY OR FOR A CONTINUANCE OF THE PRE-TRIAL CONFERENCE

Plaintiffs Finest Known, LLC ("**Finest Known**"), Gold and Energy Options Trader LLC ("**GEOT LLC**") and James DiGeorgia (collectively, "**Plaintiffs**") submit this reply in further support of their motion for a stay of discovery pending the Court's ruling on plaintiffs' motion for voluntary dismissal; or alternatively, for a continuance of the Pre-Trial Conference scheduled to be held on August 26, 2016 and the remaining deadlines tied thereto under the Court's Order for Pre-Trial Conference (DE 24).[1]

### ARGUMENT

Defendant, Weiss Research, Inc. ("**Weiss**") offers no good reason to deny Plaintiffs' motion. The basis for Plaintiffs' request to stay discovery is their pending motion for voluntary dismissal (DE 58), which will dispose of the case in its entirety and thus require no further discovery. *See* Motion (DE 104) at 5. *Flecha v. Neighbors Moving Services, Inc.*, 944 F.Supp.2d 1201 (S.D. Fla. 2013), is inapposite because the movant in *Flecha* sought to stay discovery necessary to defend against a motion.[2] Here, in contrast, Plaintiffs seek to stay

---

[1] Notwithstanding defendants' contention to the contrary, Quantitative Partners, Inc. and Geoffrey Garbacz are no longer plaintiffs because they have no ownership interest in any of the marks at issue.

[2] *Flecha* is further inapposite because the decision relies on the Discovery Practices Handbook formerly attached as Appendix A to the Local Rules, which has since been deleted.

discovery that will be rendered unnecessary in this case should the Court grant Plaintiffs' motion for a voluntary dismissal because it will result in a final resolution of the case. *Flecha* specifically noted that if the case had been referred to arbitration, all proceedings (including discovery) should be stayed. 944 F.Supp.2d at 1202 n.2. If Plaintiffs' motion for voluntary dismissal is granted, then there is nothing before this Court except for Weiss's counterclaim. In that regard, Weiss fails to address Plaintiffs' argument that Weiss's counterclaim for cancellation of Plaintiffs' marks can still be independently adjudicated by the Patent and Trademark Office or in the related action pending in state court. Motion (DE 104) at 5. Weiss also fails to address Plaintiffs' argument that the Court lacked subject matter jurisdiction over Weiss's counterclaim when it was brought because the marks were not registered at that time, beyond baldly asserting this does not support a stay of discovery.[3]

Instead of addressing Plaintiffs' arguments, Weiss makes the distracting and factually incorrect argument that the motion should be denied because Plaintiffs "have not diligently pursued discovery." Opp. at 3. As noted above, the motion to stay discovery is based on Plaintiffs' pending motion for voluntary dismissal, which does not require further discovery. With respect to Weiss's motion for summary judgment, which does require further discovery, Plaintiffs moved for relief under Rule 56(d) based on Weiss's continued refusal to turn over customer and other information necessary for the Editors' expert to conduct a trademark survey (DE 58). In granting a motion for relief under Rule 56(d), the Court may allow time to take discovery or issue any other appropriate order, including an order directing Weiss to turn over the discovery which Weiss continues to improperly withhold. *See* Rule 56(d)(2-3). Accordingly, Plaintiffs' motion for relief under Rule 56(d) serves the same function as a motion to compel without burdening the Court with needless motion practice.

Further, Weiss mischaracterizes the discovery sought by plaintiffs in their motion for relief under Rule 56(d). Citing *Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1, 62 (D.D.C. 2006), Weiss asserts that "customer information is irrelevant to a consumer trademark survey." DE 108 at 3. *Globalaw* concerns the names of the infringer's actual customers and is inapposite because Plaintiffs' motion for relief under Rule 56(d) does not concern the names of Weiss's actual customers. *See* DE 58 at Point I(A). As noted in *Globalaw*,

---

[3] The lack of subject matter jurisdiction over Weiss's counterclaim when it was brought supports its dismissal, and the voluntary dismissal of Plaintiffs' remaining claims. *See* DE 58 at Point I(E).

conducting a survey for the market of the product in question is the appropriate way to prove secondary meaning for a descriptive mark, which is how defendants have characterized Finest Known and GEOT LLC's marks.[4] 452 F.Supp.2d at 48. Plaintiffs contend that Finest Known and GEOT LLC's marks are at a minimum suggestive, *see* DE 58 at 11-12. Further, *Globalaw* involved a motion for summary judgment after extensive discovery. Here, Weiss continues to withhold data on active, inactive and renewal subscribers to Finest Known and GEOT LLC's publications, which have always been the property of Finest Known and GEOT LLC under the parties' agreement dated June 25, 2013, as amended. DE 1, Ex. B at 3 (modifying Article 5 of agreement dated June 25, 2013). Weiss was a licensee for certain purposes for a limited period of time. *Id.*

None of that, however, is relevant to Plaintiffs' motion to stay discovery. As set forth in Plaintiffs' moving papers, the motion should be granted because it will fully and finally resolve this case without the need for further discovery. Plaintiffs moved for voluntary dismissal less than a month after the Court *sua sponte* dismissed all of their state law claims from this case for jurisdictional reasons. DE 44. Requiring Plaintiffs to engage in costly and time consuming expert witness discovery during the pendency of motion for voluntary dismissal serves no purpose but to multiply the proceedings and increase both sides' costs and expenses.

---

[4] Weiss also ignores case law contrary to the holding in *Globalaw* that customer information is not appropriate for a Lanham Act survey. *See Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 441 (N.D. Ill. 2006) ("The requirement that surveys be directed to the relevant group makes lists of *actual* or potential customers relevant") (emphasis added). *See also The Easy Life, LLC v. Godaddy Operating Co., LLC*, No. 15-3031, 2015 U.S. Dist. LEXIS 103489 (C.D. Ill., Aug. 7, 2015) at *5 ("The identity of…customers is information that is reasonably calculated to lead to relevant evidence"), * 6 ("customers' experiences may be relevant to proving actual confusion"), *7 ("Statements from actual customers would not necessarily be hearsay. A party could subpoena the customers to testify at trial. The testimony of a customer about his perception would not be hearsay. In addition, an expert witness may…base his expert testimony on survey data taken from customers even though the survey data may be hearsay. The identity of customers could lead to admissible evidence.")

3

WHEREFORE, Plaintiffs / Counterclaim-Defendants Finest Known LLC, Gold and Energy Options Trader LLC and James DiGeorgia request the Court enter an order staying discovery, or alternatively, continuing the pre-trial conference scheduled for August 25, 2016; and granting such other and further relief as the Court deems just and proper.

Dated: May 9, 2016

| | |
|---|---|
| /s/ Brian M. Becher | /s/ Charles J. Hecht |
| Brian M. Becher | Charles J. Hecht (admitted *pro hac vice*) |
| Florida Bar No. 160393 | Daniel Tepper (admitted *pro hac vice*) |
| SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A. | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 7777 Glades Road, Suite 400 | 270 Madison Avenue |
| Boca Raton, Florida 33434 | New York, New York 10016 |
| Tel.: (561) 477-7800 | Tel.: (212) 545-4600 |
| Fax: (561) 477-7722 | Fax: (212) 545-4653 |
| bmbecher@sbwlawfirm.com | hecht@whafh.com |
| | tepper@whafh.com |
| | 786783 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, I electronically filed the foregoing Plaintiffs' Reply in Further Support of Motion to Stay Discovery or for a Continuance of the Pre-Trial Conference (DE __) with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following page via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brian M. Becher
Brian M. Becher
Florida Bar No. 160393
SHAPIRO, BLASI, WASSERMAN & HERMANN, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Tel.:  (561) 477-7800
Fax:  (561) 477-7722
bmbecher@sbwlawfirm.com

## **SERVICE LIST**

*FINEST KNOWN LLC, et al. v. WEISS RESEARCH, INC., et al.*
Case No. 9:15-cv-80773-WJZ
United States District Court, Southern District of Florida

| | |
|---|---|
| G. Joseph Curley<br>Michael W. Marcil<br>John W. Terwilleger<br>GUNSTER, YOAKLEY & STEWART, P.A.<br>777 South Flagler Drive, Suite 500 East<br>West Palm Beach, FL 33401-6194<br>Tel:   (561) 655-1980<br>Fax:   (561) 655-5677<br>gcurley@gunster.com<br>mmarcil@gunster.com<br>jterwilleger@gunster.com<br>Counsel for Defendants | Charles J. Hecht, Esq.<br>Daniel Tepper, Esq.<br>WOLF HALDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, New York 10016<br>Tel.: (212) 545-4600<br>Fax: (212) 545-4653<br>hecht@whafh.com<br>tepper@whafh.com<br>Co-Counsel for Plaintiffs<br><br>Brian M. Becher, Esq.<br>SHAPIRO, BLASI, WASSERMAN &<br>HERMANN, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, Florida 33434<br>Tel.: (561) 477-7800<br>Fax: (561) 477-7722<br>bmbecher@sbwlawfirm.com<br>Co-Counsel for Plaintiffs |